A. E. JACKSON, APPELLEE, v. FORD MOTOR COMPANY, APPELLANT.

FILED JULY 1, 1927. No. 25941.

1. Master and Servant: WORKMEN'S COMPENSATION ACT: COMMUTATION. In determining whether lump sum settlements shall be permitted in cases where the injury results in death or permanent disability. the final power lies in the district courts, subject only to exercise according to the terms of the statute, and to reversal or modification upon appeal.

Jackson v. Ford Motor Co.

2. ———: ———: PENALTIES. In this case, *held* that the appeal was upon reasonable grounds, and that the appellee should not be given attorney fees or the penalty for waiting time.

APPEAL from the district court for Douglas county: CHARLES E. LESLIE, JUDGE. *Affirmed*.

*McGilton & Smith*, for appellant.

*Anson H. Bigelow, contra.*

Heard before ROSE, GOOD, THOMPSON and EBERLY, JJ. and SHEPHERD, District Judge.

SHEPHERD, District Judge.

Though the compensation commissioner would not approve a lump sum settlement between the parties, even after the district court had found upon appeal that said settlement should be made, and had transmitted its finding in this particular to the said commissioner, the court proceeded to, and did, enter an order commuting the award and directing payment in a lump sum.

The appellee suffered a permanent partial disability as to eyesight and hearing. The commissioner so determined and awarded compensation at $15 a week for 45 weeks and $6 a week thereafter for the remainder of his natural life. Both parties appealed, and the district court found as did the commissioner in regard to the injury and the amount of the compensation. But the court further found, the parties agreeing and praying therefor, that commutation should be employed, and that the appellant should be permitted to pay the present worth of the judgment, or $5,010.53, in a lump sum.

Immediately the appellee took a transcript of the court's finding to the commissioner; the commissioner refused to approve; and thereupon the court, being fully advised, entered the order referred to.

The one assignment of error is that the district court erred in commuting the award for permanent disability and entering a judgment for a lump sum; the application

for commutation not having been approved by the compensation commissioner.

In the case of *Perry v. Huffman Automobile Co.,* 104. Neb. 215, in which a lump sum settlement had not been presented to the compensation commissioner for examination and approval, the. decision of the lower court ordering the settlement was reversed on that account. The court said: "While the authority to approve a lump sum for a permanent disability has been committed to the district court, it seems to have been the intention of the legislature, as disclosed by the entire act, to require the parties to submit their agreement to the compensation commissioner before asking the district court to approve the commutation."

The statute requires the submission of an agreement of the parties for a lump sum settlement to the compensation commissioner before a judgment can be entered relieving the employer for liability. In the case cited the court took cognizance of the rule, and ruled accordingly; but it is not disposed to extend the doctrine further than the limit so prescribed by the statute and recognized in the said case. If the legislature had intended that the commissioner should have absolute power in this particular, it doubtless would have said so, as it did in the matter of lump sum settlements in cases of minor injuries. The statute is clear in regard to the latter. Section 3063, Comp. St. 1922.

It is contemplated by the employers' liability act that in the proper case a lump sum settlement may be made. It is a very important provision of the law, and to place the absolute power of permitting or refusing such a settlement in the hands of one man, without appeal from his decision, however arbitrary, is not to be thought of, unless the legislature had so provided beyond question.

The procedure in the case at bar followed the statute. The commissioner had opportunity to approve the settlement proposed. This was what the law requires. What he did was entirely within his function; it was his duty to approve or not to approve, as in his judgment seemed best. But the final authority, subject to review in this

court, was vested in the district court, and was exercised, as we find upon a careful examination of the record, without abuse of discretion.

Nor is this making nothing of the provision providing for such submission. The order was not entered by the district court until it had the advantage of the commissioner's judgment. Undoubtedly the court gave such judgment due consideration, as advisory.

It was probably contemplated by the legislature that the opinion of the compensation commissioner would be valuable to the courts to which these settlements are committed. Provision was made whereby the courts could be advised of such opinion. But the law goes no further. It is perhaps true, as said by the appellant in its brief, that the commissioner lives with his cases and has opportunity to keep in touch with the condition of the injured employee and is peculiarly qualified to judge of the lump sum settlement. But, by the statute, the power lies in the district court, subject only to exercise according to the statute's terms, and subject to reversal or modification upon appeal.

The appellee claims waiting time and attorney fees. But the question involved was one of reasonable difference of opinion, and the danger to the appellee in making a settlement that might be adjudged unlawful was obvious. The court is of opinion that, under the rule of court commonly invoked in such cases, the appellant should not be subjected to the penalty and should not be required to pay an attorney fee.

The decision of the lower court is in all things

AFFIRMED.