## CASIANO ILAGA *v.* YUEN LIN HO AND COMMERCIAL CASUALTY COMPANY.

### No. 2441.

ARGUED AUGUST 14, 1940.    DECIDED AUGUST 26, 1940.

COKE, C. J., PETERS AND KEMP, JJ.

*Per Curiam.* The claimant, Casiano Ilaga, was awarded compensation for injuries by the industrial accident board of the City and County of Honolulu against Yuen Lin Ho, a contractor, and Commercial Casualty Insurance Company, his insurance carrier. The contractor and his insurance carrier appealed to the circuit court of the first circuit. At the trial in the circuit court the parties, by stipulation, limited the issue to be there tried to the question of whether the claimant was, as claimed by him, an employee of de la Cruz, a subcontractor, or, as claimed by the defendants, a partner of said subcontractor.

The circuit court found for the claimant on this issue. The defendants came to this court on exceptions and one of the exceptions assigned that finding as error. However, the defendants, in their opening brief, admitted that said finding was supported by substantial evidence and therefore binding upon this court. Counsel for the claimant thereupon moved that defendant's bill of exceptions be dismissed on the ground that the defendants had admitted that the only exception available to them was groundless. The motion to dismiss was granted (*ante*, p. 497), and the claimant now moves for the entry of an order against defendants awarding a reasonable fee to his attorneys for their services to him in said cause in this court.

The motion is based upon section 7520, R. L. H. 1935, which follows:

"If the committee of arbitration, industrial accident board, or any court before which any proceedings are brought under this chapter, determines that the proceedings have been brought, prosecuted, or defended without reasonable ground it may assess the whole cost of the proceedings upon the party who has so brought, prosecuted, or defended them."

It is conceded by counsel for the defendants that the words "the whole cost of the proceedings" include attorney's fees and that such fees may be awarded where the proceedings have been "brought, prosecuted, or defended without reasonable ground." The motion is resisted on the sole ground that the exceptions to the decision of the circuit court were not prosecuted without reasonable ground. Defendant's bill of exceptions set forth twenty-eight grounds of exception to the decision of the circuit court and a like number to the judgment, but we held that the record made it clear that both the court and counsel below understood that the stipulation admitted all facts necessary to a decision in favor of claimant except

those bearing on the question of whether the claimant was an employee of de la Cruz, as claimed by him, or was, as claimed by the defendants, a partner of de la Cruz, and that counsel having admitted that the decision on that issue was supported by the evidence, the motion to dismiss the bill of exceptions should be granted.

The statute here involved and above quoted has not heretofore been before this court. Similar relief has been sought in other jurisdictions under statutes much like the one here relied upon. We have been referred to three cases. They are *Jackson* v. *Ford Motor Co.*, 115 Neb. 758, 761, 214 N. W. 631; *Honaker* v. *Hartley*, 140 Va. 1, 15, 124 S. E. 220; and *Sunny Point Packing Co.* v. *Faigh*, 63 Fed. (2d) 921, 925. In all of these cases the compensation award was upheld but the relief here asked was denied. The Nebraska court denied the relief for the reason that "the question involved was one of reasonable difference of opinion." The Virginia court denied the relief because the question presented "was, and will be until this opinion is handed down, one which was undecided by this court." The federal court denied the relief because "the contention that the admiralty law applied rather than the compensation act was, in the circumstances of this case, a reasonable, though not a valid, ground of defense."

The Virginia statute is to the same effect as section 7520 of our statute. The Alaska statute involved in *Sunny Point Packing Co.* v. *Faigh* is to the same effect except that the words "including a reasonable attorney's fee to be fixed by the court" are added at the end of the section. In Nebraska the allowance is apparently governed by rule of court but the cited case does not disclose the terms of the rule.

In the instant case it is contended that the interpretation of the stipulation which caused the dismissal of defendants' bill of exceptions was highly controversial.

In support of this contention it is said that when the motion to dismiss the bill of exceptions came on for hearing, certain members of this court were inclined to deny the motion but decided to withhold decision until the case was fully briefed and submitted. But when the motion to dismiss the bill of exceptions was presented to this court the whole of the record bearing on the motion was not called to our attention and had not been examined by us. When the case had been briefed and the record examined we were convinced that there could be no reasonable difference of opinion as to what the court and counsel understood the effect of the stipulation to be and that it limited the issue to the one question of fact decided by the court. We therefore conclude that the bill of exceptions was prosecuted without reasonable ground.

We having so concluded and counsel having admitted that the words of the statute are sufficiently broad to include attorney's fees, the motion for an award of a reasonable attorney's fee for services rendered the claimant in this court is therefore granted. Counsel have agreed that the sum of $100 is a reasonable fee for the services of counsel for the claimant in this court. An order requiring the defendants to pay to claimant's counsel said amount will be entered upon presentation.

*Robertson, Castle & Anthony* for the motion.

*M. K. Ashford* contra.