## MANUEL D. RIVAS *v.* ARTHUR B. CURTIS AND PACIFIC INSURANCE COMPANY, LTD.

### No. 2742.

ARGUED MAY 24, 1949.          DECIDED MAY 25, 1949.

KEMP, C. J., LE BARON AND CRISTY, JJ.

*Per Curiam.* The claimant-appellee being the prevailing party at all stages, inclusive of the writ of error heretofore decided, has moved for the allowance of a reasonable attorneys' fee against the appellant, pursuant to section 4448, Revised Laws of Hawaii 1945. Said section, as amended in 1945, provides: "If the director, appellate

board, or any court before which any proceedings are brought under this chapter [workmen's compensation law], determines that the proceedings have been brought, prosecuted, or defended without reasonable ground he may assess the whole cost of the proceedings upon the party who has so brought, prosecuted, or defended them." In the administration of the workmen's compensation law it has been uniformly conceded that the words "whole cost of the proceedings" are sufficiently broad to include attorney's fees. This court adopted such a construction in 1940 in the case of *Ilaga* v. *Yuen Lin Ho*, 35 Haw. 591, 594. The legislature in 1945 amended the section in other respects but did not see fit to qualify the construction theretofore made.

But under such a provision so construed it has been generally held that the section does not apply and is without effect where, in fact, the prosecution or defense of an appeal is held to be reasonable; or where there is an honest and reasonable difference of opinion, at the time when appeal is taken by an employer, as to the correctness of the application of the law and of the determination appealed from; that a determination of the want of reasonable ground is essential to the allowance of the "whole costs" against the offending party; and that the mere fact that the claimant obtains an affirmance on appeal does not amount to a holding of a want of reasonable grounds for the appeal. (See cases gathered in the note in 79 A. L. R. p. 683.)

In the instant case this court does not find from the record and briefs of the appellant that the appeal which concerned the application of legal principles to the peculiar facts was "without reasonable ground." Hence the motion is denied.

*Bouslog & Symonds* (*Harriet Bouslog*) for the motion.
*Pratt, Tavares & Cassidy* (*N. A. Troy*) contra.