JOHN E. PERRY, APPELLANT, v. W. L. HUFFMAN AUTOMO-
BILE COMPANY, APPELLEE.

FILED FEBRUARY 14, 1920.   No. 21298.

1. **Master and Servant: WORKMEN'S COMPENSATION ACT: COMMU-
TATION.** The district court has jurisdiction to approve or disapprove an agreement to commute to one lump sum periodical payments of compensation due for partial permanent disability, under the employers' liability act (Rev. St. 1913, sec. 3681, as amended by section 16, ch. 85, Laws 1917).

2. ———: ———: ———: Application. The statute provides that the application "shall contain a concise statement of the terms of the settlement sought to be approved, together with a brief statement of the facts concerning the injury, the nature thereof, the wages received by the injured employee prior thereto, and the nature of the employment." Its failure to state the number of periodical payments to which applicant is entitled, or failure to state the degree of permanent disability upon which the number of payments depends, although necessary to a technical statement of a commutation, is not such a defect in the pleading as to deprive the district court of jurisdiction to enter its final judgment of approval or disapproval of the settlement agreed to between the parties.

3. ———: ———: Construction. The employers' liability act is construed liberally and is intended to avoid formal and technical court procedure.

Appeal from the district court for Douglas county: Willis G. Sears, Judge. *Affirmed.*

*Anson H. Bigelow,* for appellant.

*Brome & Ramsey* and *Joseph P. Uvick, contra.*

Cornish, J.

The trial court, in a workmen's compensation case, overruled plaintiff's motion to vacate the judgment previously entered, approving a lump sum settlement had between the parties. Plaintiff appeals.

The motion asked vacation on the ground that the pleading or application for approval of the settlement did not state a cause which gave the court jurisdiction under the law to enter judgment. The pleading, after reciting facts which brought the parties under the compensation act, and which showed the nature and extent of the injury, for which compensation, under the law, is fixed at $12 a week, showed that the parties had agreed upon a lump sum payment in the sum of $500, and asked that the court approve the settlement. The point urged is that the application did not show that the settlement, although agreed to, was a commutation. Neither the application nor the court's order showed any agreement or finding as to the number of weekly payments to which

the plaintiff was entitled. It is insisted that there must be a finding of the number of payments due, in order to have an amount which can be commuted under the statute.

The statute provides: "The interested parties shall have the right to settle all matters of compensation between themselves in accordance with the provisions of this article." Rev. St. 1913, sec. 3677, as amended by section 12, ch. 85, Laws 1917. When the compensation is due for death or permanent disability (as here) it "may be commuted only upon the order or decision of the district court." Rev. St. 1913, sec. 3681, as amended by section 16, ch. 85, Laws 1917. It further provides that, "where commutation is agreed upon, or ordered by the court, the lump sum to be paid shall be fixed at an amount which will equal the total sum of the probable future payments, capitalized at their present value upon the basis of interest calculated at five per centum per annum with annual rests."

The compensation recoverable is proportionate to the injury or loss. The law fixes the amount to be paid weekly and the number of weeks for a total loss. If the loss is partial, the amount to be paid is determined by making a corresponding decrease in the number of weeks. In other words, if one-half the use of a foot has been lost, the compensation to be allowed would be for 62½ weeks, instead of 125 weeks, the time named in the law if the loss were total.

It would seem that, when parties attempt to settle, the main point, if any, in dispute must be the extent of the injury, which determines the number of future payments. In the case in hand, if loss were total, the payments would be $12 a week for 125 weeks. The settlement was for the lump sum of $500. The question appears to be whether the parties and the trial judge must, with mathematical precision, first proportion the loss, then compute the number of weeks, and then find the present worth of the total amount, or whether they will be permitted

Perry v. Huffman Automobile Co.

to agree upon a lump·sum in settlement without carrying out the computation in detail. Of course, it would be only a problem in arithmetic to make the lump sum $500 by increasing or decreasing the proportion of loss, and accordingly the number of weeks.

Although the use of the word "commute" makes the argument at least plausible, we hardly think the statute intends to impose this necessity upon the parties. Settlements are usually arrived at by compromise. The substance or meaning of a commutation will be in the minds of the parties. The trial court, in giving or withholding its approval of the agreement, should be satisfied that no advantage has been taken of the employee, either in agreeing upon the extent of the injury or the proper commutation of the compensation to which he is entitled. The court has more to do than to see that the commutation is figured accurately. It has to decide whether the settlement is a fair one and whether it is for the best interests of the employee to receive his compensation in one payment.

The statute describes what the application shall contain. It requires only a concise statement of the terms of the settlement. This, the application in question did contain. The court acquired jurisdiction of the subject-matter and of the parties.

We have held that the purpose of the statute is to give a speedy, informal and inexpensive hearing and to avoid, as far as possible, the more technical forms of court procedure. *Stoica v. Swift & Co.*, 100 Neb. 434; *Bailey v. United States Fidelity & Guaranty Co.*, 99 Neb. 109.

We are of opinion that the evidence shows that the settlement had in this case and the order entered should not be disturbed.

AFFIRMED.

DAY, J., not sitting.

The following opinion on rehearing was filed October 4, 1920. *Former opinion modified and judgment reversed.*

1. Master and Servant: WORKMEN'S COMPENSATION ACT: COMMUTATION. In entering into an agreement under the workmen's compensation act to discharge the employer from all liability for a permanent disability of the employee upon payment of a lump sum in lieu of periodical payments, the parties are not at liberty to make a settlement at variance with statutory terms; and ascertainment of the amounts of compensation payable periodically under the law is a prerequisite to a contract for commutation. Laws 1917, ch. 85, sec. 16, amending section 3681, Rev. St. 1913.

2. ———: ———: ——— In the approval of a commutation of an employee's compensation from periodical payments to a payment in gross, the public has an interest which it is the duty of the court to protect without regard to the wishes of the parties.

3. ———: ———: ———. The workmen's compensation act does not contemplate the payment of large sums of money to improvident employees or dependents who may lose it and become a charge on the public, but as a general rule requires employers to pay injured employees compensation in small periodical payments at short intervals.

4. ———: ———: ———. Under the workmen's compensation act, in cases of death or permanent disability, commutation or payment in a lump sum by approved agreement is a departure from the general rule and should only be sanctioned upon the statutory terms relating to the exception.

5. ———: ———: ———. Under the workmen's compensation act the nature and the extent of the injury are material inquiries upon an application for the approval of an agreed commutation from periodical payments to a lump sum for a permanent disability.

6. ———: ———: ———: PROCEDURE. The authority to approve a commutation from periodical payments to the payment of a gross sum for a permanent disability has been committed by the workmen's compensation act to the district court, but the settlement should be submitted to the compensation commissioner for his approval before the district court is asked to approve the commutation.

ROSE, J.

This is a proceeding under the workmen's compensation act. Plaintiff fell from a ladder June 20, 1918, and broke two bones in his left ankle, while performing the duties of a carpenter in the employ of defendant for $18 a week. The injury resulted in "a permanent partial loss" of the use of a foot within the meaning of the stat-

ute and plaintiff is entitled to compensation accordingly. Laws 1917, ch. 85, sec. 7. Defendant paid and plaintiff received regular weekly payments of $12 for 12 weeks, amounting to $144. Afterward the parties agreed to settle plaintiff's entire claim for the lump sum of $500. This settlement was presented to the district court for Douglas county and it was approved July 10, 1919. Defendant was directed to pay plaintiff the unpaid balance of $356 in full satisfaction of the latter's claim for compensation and that sum was so paid and accepted. At the same term of court, August 30, 1919, plaintiff filed a motion to vacate the settlement on the grounds, among others, that he did not receive the full compensation allowed by law, that the amount due him had not been determined by either the compensation commissioner or the district court, and that the commutation as approved was unauthorized. Upon a hearing of this motion on its merits it was overruled October 4, 1919. Plaintiff appealed. The review here resulted in the opinion that the district court did not err in overruling plaintiff's motion to vacate the judgment approving the settlement. *Perry v. Huffman Automobile Co.*, ante, p. 211. A rehearing was granted and the case has been reargued.

Did the district court err in overruling the motion to vacate the settlement? In approving the agreement, did the trial court require the parties to comply with the statute under which both sought relief or protection?

In entering into an agreement to discharge the employer from all liability for a permanent disability of the employee upon payment of a lump sum in lieu of periodical payments, the parties are not at liberty to make settlements at variance with statutory terms; and ascertainment of the amounts of compensation payable periodically under the law is a prerequisite to a contract for commutation. Laws 1917, ch. 85, sec. 16, amending section 3681, Rev. St. 1913.

In the approval of a commutation of an employee's compensation from periodical payments to a payment in gross, the public has an interest which it is the duty of

the court to protect without regard to the wishes of the parties. The act creates new remedies and new liabilities. The manner in which it operates is found in the legislation itself. Its remedies, if invoked, interfere more or less with the freedom of contract and must be applied on the terms granted.

The workmen's compensation act does not contemplate the payment of large sums of money to improvident employees or dependents who may lose it and become a charge on the public. To prevent injured employees and dependents from squandering or losing their means of support, the legislature, on grounds of public policy, has adopted the system of requiring employers to pay compensation for injuries in small periodical payments at short intervals for a definite period.

Commutation or payment in a lump sum by approved agreement of the parties is a departure from the general rule and should only be sanctioned upon compliance with the statutory terms relating to the exception.

Facts disclosing compliance with the provisions governing the exception are subjects of inquiry on the hearing of every application for the approval of a lump sum in lieu of periodical payments. In the present case some of the facts essential to a compliance with the exception were not before the trial court when the settlement was approved. Evidence from which the nature and the extent of the injury could be determined was wanting. The settlement had not been presented to or approved by the compensation commissioner. Without accurate knowledge of the nature and the extent of the injury the compensation to which plaintiff is entitled is unknown, and compensation based on the injury is a material factor in the approval of an agreement for commutation. "The probable future payments, capitalized at their present value upon the basis of interest calculated at five per centum per annum with annual rests," is the statutory method of determining the lump sum payable in lieu of periodical payments. Laws 1917, ch. 85, sec. 16. There

is no other standard for commutation. Any method reducing the compensation thus ascertained is unauthorized as a basis for the approval of a settlement. The workmen's compensation act, as amended in 1917, contains the following provisions:

"The amounts of compensation payable periodically under the law, by agreement of the parties with the approval of the compensation commissioner, may be commuted to one or more lump sum payments, except compensation due for death and permanent disability, which may be commuted only upon the order or decision of the district court; provided, that where commutation is agreed upon, or ordered by the court, the lump sum to be paid shall be fixed at an amount which will equal the total sum of the probable future payments, capitalized at their present value upon the basis of interest calculated at five per centum per annum with annual rests." Laws 1917, ch. 85, sec. 16.

"All disputed claims for compensation or for benefits under this article must be submitted to the compensation commissioner." Laws 1917, ch. 85, sec. 13.

"Reports of accidents and settlements shall be made in form and manner as prescribed and directed by the compensation commissioner." Laws 1917, ch. 85, sec. 20.

The compensation commissioner is charged with the duty of executing all provisions of the act. Laws 1917, ch. 85, sec. 27. Every claim for benefits may be presented to the compensation commissioner for adjudication and award. Laws 1917, ch. 85, sec. 29. A copy of all settlements must be filed with the compensation commissioner. Laws 1917, ch. 85, sec. 12.

While the authority to approve a lump sum for a permanent disability has been committed to the district court, it seems to have been the intention of the legislature, as disclosed by the entire act, to require the parties to submit their agreement to the compensation commissioner before asking the district court to approve the commutation.

In the commutation of plaintiff's compensation, therefore, there was a failure to comply with the workmen's compensation act. The amounts of compensation payable periodically under the law had not been ascertained. The settlement had not been presented to the compensation commissioner for examination and approval. The nature and the extent of the injury had not been shown. It follows that there was error in the overruling of the motion to vacate the judgment approving the settlement. In the further proceedings, however, defendant should be credited with the payments already made. The former opinion is modified to conform to these views.

REVERSED AND REMANDED.

DEAN and DAY, JJ., not sitting.