REGINE OSTEGAARD, APPELLEE, V. ADAMS & KELLY COMPANY, APPELLANT.

FILED APRIL 16, 1925. No. 24483.

1. **Master and Servant:** WORKMEN'S COMPENSATION: LUMP-SUM SETTLEMENT. Under the workmen's compensation act, one who relies on a lump-sum payment or settlement must bring himself clearly within the statute as to facts entering into such adjustment, as well as the law governing same.

2. ——: ——: SETTLEMENT: AVOIDANCE. When a settlement and release of damages for personal injuries has been had under the workmen's compensation act, and one party seeks to avoid same on the ground of mutual mistake of fact, the burden is upon such person to allege and prove that the mistake related to facts which were material to the contract of settlement, and that the injury complained of existed at the time of such settlement, but was not known to the party interposing the objection thereto, and could not have been known by the exercise of reasonable diligence.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*Dressler & Neely,* for appellant.

*Rosewater, Mecham & Burton, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and THOMPSON, JJ., REDICK and SHEPHERD, District Judges.

THOMPSON, J.

This action was originally brought by Peter Ostegaard before the compensation commissioner, to recover as an employee of and against Adams & Kelly Company, appellant herein, for damages alleged to have been sustained by him while in the employment of such company on January 21, 1922, and which resulted in the loss of his left eye, and

Ostegaard v. Adams & Kelly Co.

that as a result of such injury he became and was afflicted with tuberculosis and was permanently and totally disabled thereby. The company resisted, alleging, among other things, a settlement and previous adjudication of all matters in dispute. Compensation officer found for claimant. Adams & Kelly Company appealed to the district court for Douglas county, alleging, in substance, a previous adjudication, in that on May 5, 1922, a lump-sum settlement was had, as by law in such cases made and provided, between plaintiff and defendant, wherein plaintiff was paid $1,621.19; that, while this settlement was made because of injury to the eye, it also covered the entire injury and consequential damages, and that the judgments then entered are a bar to this action under any and all conditions. Defendant also interposes a specific denial of the allegation that the tuberculosis resulted from the injury or shock, or that it existed at the time of settlement.

Ostegaard answered, in substance admitting the settlement, payment and judgment rendered for the eye, but further alleged that the injury caused him to have and be afflicted with tuberculosis, which tuberculosis he had at the time of the settlement for the eye, and judgment affirming and approving same entered, but that he was not at the time cognizant of the fact that he had tuberculosis; and neither was defendant, and neither could have had such knowledge by the exercise of reasonable diligence; that such tuberculosis was rapidly progressive, which depleted him both mentally and physically, and so undermined his health as to permanently and totally disable him. The reply denies all new matter in the answer, except as it specifically admits allegations of the company's pleading.

While the case was pending, Ostegaard died, and the action was then revived as to him in the name of Regine Ostegaard, his widow, as a dependent. Pleadings were remodelled so far as alleging his death and her relation to him and her dependency.

On the issues thus joined, trial was had to the court and judgment entered for appellee Regine Ostegaard for 225

weeks of compensation at $15 a week as such dependent, to commence 125 weeks from and after January 21, 1922, to reverse which the company appeals.

We have considered the evidence in the light of the able briefs of the parties and fully realize that the authorities are not uniform in their holdings. This, however, is largely owing to the different wording of the different statutes. We are committed to the rule that this act has for its object to deal justly as between employee and employer; that the statute is made broad, so as to include, as it does necessarily, the improvident as well as the provident, thus the state becomes an interested party, as the improvident may become charges, demanding its care and supervision. Also, on the line of good citizenship, for as is its citizenship, so is the state; that small payments from time to time tend to prevent precipitate waste, and are favored; that one who relies on a lump-sum payment or settlement must bring himself clearly within the statute as to the facts entering into such adjustment as well as the law governing same. *Bailey v. United States Fidelity & Guaranty Co.*, 99 Neb. 109; *Perry v. Huffman Automobile Co.*, 104 Neb. 211.

In this case the evidence sustains the trial court, and the record warrants concluding, as we do, that the settlement was for the loss of the eye and the usual, or reasonably to be expected, consequences thereof, and no more; that Ostegaard at the time of the settlement and at the time of the rendition of the respective judgments affirming and approving same, by reason of such injury, became and was afflicted with tuberculosis, from which disease he afterward died; that the settlement as made and approved was clearly as to both plaintiff and defendant buttressed on a mistake of fact; that neither party knew, or by reasonable diligence could have known, of such affliction, and that such tuberculosis was not for that reason taken into consideration at the time of settlement; that as to the contention involved herein their minds did not, and could not, have met; hence, as to it they did not contract, and neither was it covered by the settlement or judgments, and that plaintiff has

not received compensation; that the settlement and respective judgments set forth in the answer do not prevent a recovery as prayed for on the part of the widow. *McGuire v. Phelan-Shirley Co.*, 111 Neb. 609. To avoid the harsh rules of law applied in such cases, courts of equity take cognizance of mistakes of this nature and apply the rule of conscience to the facts disclosed by the evidence. In this case neither party has parted with anything or been placed in a worse position by reason of the settlement. Plaintiff received settlement for the loss of an eye, and no more. He did not intend to, and did not, make settlement for his tubercular affliction, and neither did appellant intend to, nor did it, pay for this affliction. In equity and good conscience, under the facts as well as the law, the mistake was mutual and one against which equity will relieve. *Moore v. Scott*, 47 Neb. 346. This is not enlarging the scope of the statute, for its provisions provide for just compensation for the injury inflicted, and not for a part thereof.

The judgment of the trial court follows the law as announced by us in *Simpson v. Omaha & C. B. Street R. Co.*, 107 Neb. 779. There is no controversy as to the right of the widow as a dependent to recover, as such, if the husband, if living, could recover. The judgment of the trial court should be, and is,

AFFIRMED.