ROBERT MILLER, APPELLANT, V. CENTRAL COAL & COKE COMPANY, APPELLEE.

FILED OCTOBER 25, 1935. No. 29653.

*Gerald E. La Violette* and *William P. Lynch*, for appellant.

*Brogan, Ellick & Shoemaker, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

From a judgment dismissing his application to vacate a judgment approving a lump sum settlement in a case arising under the workmen's compensation law, plaintiff has appealed.

Plaintiff, while in the employ of defendant, received an injury compensable under the workmen's compensation law. The compensation commissioner made an award to plaintiff for total and permanent disability, which, on appeal to the district court, was affirmed, and, on appeal by defendant to this court, was affirmed in *Miller v. Central Coal & Coke Co.,* 123 Neb. 793.

In 1934 defendant made application to the district court for modification of the award, on the ground of a decrease in plaintiff's disability. Upon a hearing, the application was dismissed, the court finding that plaintiff's disability was then total and permanent. More than six months thereafter, plaintiff and defendant agreed upon a lump sum settlement and that plaintiff's disability was then permanent and 45 per cent. of total. The application for approval of the lump sum settlement was prepared, signed and verified by plaintiff, signed and verified by attorneys for defendant, and was presented to and approved by the compensation commissioner; was then filed in the district court and a hearing had upon such application. The district court approved and confirmed the lump sum settlement. It is this order which plaintiff seeks, in this proceeding, to vacate.

It is plaintiff's contention that the last determination of the extent of plaintiff's disability was by the district

court in 1934, and that it was then permanent and total; that in the agreement for a lump sum settlement a 45 per cent. disability was stipulated for the sole purpose of fixing the lump sum settlement at $1,800, and plaintiff contends that, under the workmen's compensation act, in a case of total disability, the injured employee cannot, for the purpose of making a lump sum settlement, agree upon a percentage of disability less than he actually has at that time. With the latter part of this contention we agree.

In *Perry v. Huffman Automobile Co.*, 104 Neb. 214, we held:

"In entering into an agreement under the workmen's compensation act to discharge the employer from all liability for a permanent disability of the employee upon payment of a lump sum in lieu of periodical .payments, the parties are not at liberty to make a settlement at variance with statutory terms; and ascertainment of the amounts of compensation payable periodically under the law is a prerequisite to a contract for commutation. * * *

"In the approval of a commutation of an employee's compensation from periodical payments to a payment in gross, the public has an interest which it is the duty of the court to protect without regard to the wishes of the parties. * * *

"Under the workmen's compensation act, in cases of death or permanent disability, commutation or payment in a lump sum by approved agreement is a departure from the general rule and should only be sanctioned upon the statutory terms relating to the exception.

"Under the workmen's compensation act, the nature and the extent of the injury are material inquiries upon an application for the approval of an agreed commutation from periodical payments to a lump sum for a permanent disability."

However, in the instant case, the record discloses that a hearing was had in the district court upon the application for confirmation of the lump sum settlement. From the findings made on that hearing we quote as follows:

"This matter coming on for hearing this 21st day of December, 1934, upon the application of the plaintiff and the defendant for approval of lump sum settlement, the court having considered the duly verified application of the parties, evidence having been adduced, plaintiff being present in court and represented by counsel, and defendant being represented by counsel, the court, being fully advised in the premises, finds that said settlement is in conformity with the compensation schedule, and that said settlement is for the best interests of the plaintiff, and should, therefore, be approved, ratified and confirmed. The court further finds that the said application has been submitted to the compensation commissioner of the state of Nebraska, and has by said compensation commissioner been approved."

It thus appears that evidence was adduced upon that hearing, but the bill of exceptions brought to this court does not contain the evidence taken at that hearing. On the oral argument it was stated that no evidence was taken. The record indicates otherwise and imports absolute verity. We have frequently held that, in the absence of a bill of exceptions, we can only determine whether the judgment entered is supported by the pleadings. The only pleading in this case is the application verified by both parties. The recitals in the application would indicate that plaintiff's disability was only 45 per cent. The trial court heard the evidence adduced and made its findings in accordance with the pleadings or application. We must assume, therefore, that every finding made by the trial court was supported by sufficient competent testimony.

Plaintiff seems to contend, however, that, since at the prior application for modification of the judgment the court then found plaintiff's disability to be permanent and total, we must assume that situation to continue. With this contention we are unable to agree. No doubt, plaintiff could, at the time the lump sum settlement was agreed upon, have made an application for a modification of the judgment for periodical payments of compensation. Had

the court then found that plaintiff's disability was total and permanent, the lump sum settlement must have been that which was required under the statute for such disability. If plaintiff's disability had decreased until it was only 45 per cent., we see no reason why, in the application for a lump sum settlement, that matter could not have been inquired into, which it doubtless was, and, if plaintiff's disability was then but 45 per cent., a lump sum settlement upon that basis could have been properly made, provided the court found that it was for the best interests of the plaintiff or his dependents. Moreover, the present record before us fails to show whether plaintiff's disability was more than 45 per cent. at the time the lump sum settlement was agreed upon and confirmed by the district court. While, no doubt, it is the duty of the district court, when an application for a lump sum settlement is made, to inquire into the facts and to be satisfied that no advantage is being taken of the injured workman or his dependents, under the record before us we must assume that the court performed that duty.

No sufficient reason is shown in this record for vacating the order confirming the lump sum settlement. The record discloses no error prejudicial to plaintiff. Judgment

**AFFIRMED.**