is reversed and final judgment entered for the defendants.

*Judgment reversed.*

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur in the opinion, syllabus and judgment.

SHEDENHELM, APPELLEE, *v.* MYERS, APPELLANT.

(No. 301—Decided January 17, 1944.)

*Messrs. Carpenter & Carpenter* and *Messrs. Spitler & Flynn,* for appellee.

*Messrs. Schroth & Schroth* and *Messrs. Hall & Naus,* for appellant.

BY THE COURT. This is an appeal upon questions of law and fact, from a judgment of the Common Pleas

Court of Seneca county, in an action in which Adella M. Shedenhelm was plaintiff and appellant Ray C. Myers, was defendant. It is submitted to this court upon the motion of the appellee to dismiss the appeal upon questions of law and fact for the reason, as charged in the motion, that the court is without jurisdiction to entertain the appeal.

Under the provisions of Section 6, Article IV of the Constitution, the appellate jurisdiction of the Court of Appeals, that is, the jurisdiction to try appeals upon questions of law and fact, is limited to the trial of chancery cases, so the question to be determined upon this motion is whether the cause in which the appeal is taken is a chancery case within the meaning of the constitutional provision.

Whether a cause is appealable upon questions of law and fact is determinable solely from the pleadings. The right of appeal does not rest upon the sufficiency of the pleadings, however, but depends on the nature of the case. 2 Ohio Jurisprudence, 87, 88, Appeal and Error, Section 42.

The pleadings in this case, from which such determination must be made, are the amended petition and amendment to the amended petition of the plaintiff, the answer thereto of the defendant, and the reply of the plaintiff.

In her petition the plaintiff avers:

That she was married to the defendant on August 29, 1928; that at the time the net financial worth of the defendant who was engaged in business in the city of Tiffin, Ohio, as an embalmer and undertaker was less than $1,000; that in the years following the marriage of the parties and until the month of September 1938, the plaintiff assisted the defendant in the conduct of his business which grew and prospered; that on September 20, 1938, plaintiff instituted an action for divorce and alimony against the defendant in the Court

of Common Pleas of Seneca county, Ohio, because of the wrongdoing and misconduct of the defendant; that shortly thereafter, she was induced and persuaded by the promise of the defendant with reference to his future conduct, to discontinue and dismiss the action; that following the dismissal of the action by the plaintiff, it became impossible for the parties to longer live together as man and wife, because of the aggressions of the defendant; and that on March 4, 1939, the parties agreed upon an immediate separation and entered into a property settlement agreement which purported to adjust, settle and determine the rights of the plaintiff in the jointly accumulated property of the parties, by way of alimony and otherwise.

A copy of such agreement consisting of three pages is attached to the amended petition and marked ''Exhibit A, page 1,'' ''Exhibit A, page 2'' and ''Exhibit A, page 3,'' and made a part thereof.

It is further alleged in the petition that on March 20, 1939, the plaintiff filed an action for divorce in the Common Pleas Court of Seneca county, Ohio, being cause No. 24168, praying for a divorce from the defendant, restoration to her maiden name, and approval of the property settlement agreement; that on May 5, 1939, the prayer of her petition was granted, she was divorced from the defendant upon the ground of extreme cruelty, was restored to her maiden name, and the alimony property settlement was approved by the court and made a part of the decree in that action; and that plaintiff was induced to enter into the property and alimony settlement agreement aforesaid on March 4, 1939, through the false and fraudulent representations of the defendant with respect to his then financial condition, which representations were made at that date and immediately prior thereto.

The primary representation pleaded by plaintiff in her petition with respect to the then financial condition

of the defendant is that defendant falsely and fraudulently represented to the plaintiff that his net financial worth was $15,000 or less, when in truth and fact the defendant was worth $50,000 or an amount substantially in excess thereof.

In support of this primary representation, the plaintiff in her amended petition pleads further specific and detailed false and fraudulent representations of the defendant with reference to his financial condition, and also pleads facts in detail showing that on the 4th day of March, 1939, the net worth of the defendant was $50,000, or an amount substantially in excess thereof instead of $15,000 or less, as represented by the defendant.

Plaintiff further avers that the property described by her as constituting the net worth of the defendant was accumulated solely through the joint efforts of the parties during their married life; that the defendant would never discuss business matters with her; that she had no means of knowing the true financial condition of the defendant on March 4, 1939, or shortly prior thereto, except through his representations; that she relied solely upon his fraudulent representations as in the amended petition set forth when she signed the agreement in question; that she first discovered the fraud practiced upon her by the defendant, on or about May 27, 1940; and that the alimony and property settlement in question is grossly inadequate and a fraud upon her marital rights.

Plaintiff further avers that defendant paid to her under the provisions of the purported contract, the sum of $6,000, and a payment was made to her to apply upon the purchase of an automobile; that defendant paid the further sum of $60 temporary alimony as provided by the purported contract, but that he failed to comply with the terms of item 9 thereof in that he retained in his possession certain paper writ-

ings referred to therein; and that the defendant has remarried since the granting of the divorce to plaintiff.

Plaintiff further avers that following the payments to her as aforesaid it was necessary for her to expend a portion of such money for maintenance and living expenses; that she does not now have in her possession the amount she received and that it is impossible for her to make a tender to the defendant of the sum so received; that she is willing to and herewith offers to abide by the judgment of the court upon final hearing and to pay the defendant such sum or sums as the court may order in case it be found she has received a greater sum than the amount to which she is entitled.

In her amended petition the plaintiff prays that the contract purporting to adjust the property rights of the parties, and the judgment confirming the property settlement entered by the court be set aside for the fraud of the defendant; that upon final hearing the plaintiff may be granted fair and reasonable alimony from the property of the defendant; that the amounts she has received be applied as a credit thereon; and for all other, further and proper relief to which she may be entitled in the premises.

In her amendment to the amended petition the plaintiff pleads in detail facts showing that the amount remaining in her hands of the sums paid her by the defendant is insufficient for the purpose of a tender of the return of such sum to defendant. This amendment does not contain any other or further prayer for relief.

In his answer to the amended petition and amendment thereto, the defendant admits certain facts and denies other facts pleaded in the amended petition, and avers certain other facts; but none of such pleaded facts are of such character as to entitle the defendant to any affirmative relief and no affirmative relief is asked.

In her reply to the answer of the defendant the

plaintiff denies each and every allegation contained therein which does not admit, either expressly or by implication, the averments and matter of her amended petition.

The nature of the case as pleaded in the amended petition and amendment thereto is therefore not in any way changed by the other pleadings therein.

As the right of appeal does not rest upon the sufficiency of the pleadings, the sufficiency of the pleadings is not a matter for consideration on the motion to dismiss the appeal.

The nature of the case, as disclosed by the pleadings, is an action, not filed in the case in which the judgment sought to be impeached was rendered, by a party at whose instance a judgment for divorce and incidental relief was procured, against the other party to such judgment, to set aside, for fraud practiced on her by the other party to the judgment, an agreement purporting to adjust the property rights of the parties, and that part of such judgment confirming the property settlement prescribed by the agreement, and having fair and reasonable alimony granted to her from the property of the other party.

While the plaintiff in her amended petition asks that the property settlement agreement entered into between the parties be set aside, the setting aside of such agreement is not a condition precedent or essential to the primary relief sought by plaintiff, which is the setting aside of that part of the judgment confirming the agreement, and having fair and reasonable alimony granted to her, for the reason that upon the setting aside of that part of the judgment the court in the divorce action would be vested with exclusive jurisdiction under the laws of Ohio to make a full and complete settlement of the property rights between the parties, and to affirm, modify, cancel or annul said agreement. *Stark* v. *Stark* (Common Pleas Court of Richland coun-

ty), 28 N. P. (N. S.); 36, 8 Ohio Law Abs., 287 (affirmed by Court of Appeals of Richland county, February 10, 1930; motion to certify record overruled by Supreme Court, April 16, 1930).

While an action to set aside an agreement upon the ground of fraud ordinarily constitutes a chancery case, the instant case in which such relief together with other relief is sought does not constitute a chancery case as such relief may be granted only after the judgment in the divorce action is set aside, and only in the divorce action which is not a chancery case.

The matter to be determined then resolves itself into the question whether the facts pleaded and the other relief asked in the instant case constitute a chancery case.

An action to impeach a judgment upon the ground of fraud constitutes a chancery case only when the relief sought, warranted by the pleaded facts, is not obtainable in a proceeding to vacate or modify such judgment pursuant to the provisions of Section 11631, General Code. *Coates* v. *Chillicothe Branch of the State Bank of Ohio,* 23 Ohio St., 415; *Seeds* v. *Seeds,* 116 Ohio St., 144, 155, 156 N. E., 193, 52 A. L. R., 761.

The relief warranted by the pleaded facts and sought in the instant case is all obtainable by a proceeding to modify the judgment in question pursuant to the provisions of Section 11631, General Code, and for this reason the case is not a chancery case in its nature.

Furthermore, while actions to enjoin the enforcement of or to impeach judgments upon the ground of fraud are subjects of chancery jurisdiction, such jurisdiction has never extended to cases such as the instant case in which the relief sought is the partial vacation or modification of a judgment.

For the reasons mentioned, the instant case is not a chancery case within the purview of Section 6, Article IV of the Constitution, and this court for that rea-

son is without jurisdiction of the appeal upon questions of law and fact.

The motion to dismiss the appeal upon questions of law and fact will therefore be sustained and such appeal dismissed, but the cause will be retained and will stand as an appeal upon questions of law only.

As bill of exceptions has been heretofore filed herein, no time will be fixed for the preparation and settlement of a bill of exceptions. However, it is ordered that the appellant shall file his brief and assignments of error herein within fifteen days from the announcement of this decision and that the appellee shall file her answer brief herein within thirty days from the announcement of this decision and that the appellant shall file his reply brief herein within thirty-five days from the announcement of this decision.

*Judgment accordingly.*

GUERNSEY, P. J., JACKSON and MIDDLETON, JJ., concur.