There can be no action against the village based upon mere neglect in connection with the maintenance and control of public ground, unconnected with nuisance, except as is provided in Section 3714, General Code. Such neglect so unconnected with nuisance would be limited to a failure to keep such public grounds in repair. No claim is made upon that ground. Mere negligence cannot otherwise constitute a nuisance. *Taylor* v. *Cincinnati, supra.*

For the reasons given, the judgments of the Court of Common Pleas are reversed, and judgment in each case may be here rendered for the defendant.

*Judgments reversed.*

HILDEBRANT, P. J., and ROSS, J., concur in the syllabus, opinion and judgment.

MATTHEWS, J., concurs in the syllabus and judgment.

SHEDENHELM, APPELLEE, *v.* MYERS, APPELLANT.

(No. 301—Decided August 7, 1944.)

*Messrs. Carpenter & Carpenter* and *Messrs. Spitler & Flynn,* for appellee.

*Messrs. Schroth & Schroth* and *Messrs. Hall & Naus,* for appellant.

BY THE COURT. It having been heretofore determined by this court (*Shedenhelm* v. *Myers,* 76 Ohio App., 28) that this cause is not a chancery cause and, therefore, may not be retried upon the facts, it is submitted and heard as an appeal upon questions of law.

The appeal is from a judgment of the Court of Common Pleas of Seneca county in an action wherein Adella M. Shedenhelm, the appellee herein, was plaintiff, and Ray C. Myers, the appellant herein, was defendant.

The judgment appealed from is in the words and figures following, to wit:

"It is therefore considered and adjudged by the court that said Adella M. Shedenhelm recover from the said Ray Myers the said sum of thirteen thousand two hundred and twenty-five dollars ($13,225), and that the said Ray Myers, his agents and attorneys, produce for destruction and deliver to the clerk of the court all original writings and copies thereof, photostatic or otherwise, described as confessions of the plaintiff, and the said clerk is hereby ordered to destroy the same, and the defendant, his agents and attorneys are hereby perpetually enjoined from exhibiting either publicly or privately, said confessions or copies thereof, and it is further considered that the defendant, Ray Myers, pay

the costs of this proceeding; for all of which execution is awarded, to all of which the defendant excepts.

"This cause coming on further to be heard on the motion of the defendant to set aside the foregoing judgment and for a new trial, the court on consideration, overrules the same, to which ruling defendant excepts, and bond for appeal therein is fixed at the sum of one thousand dollars ($1,000)."

This cause was numbered 24622 in the Common Pleas Court. In cause number 24168 in the Common Pleas Court, in which the plaintiff herein was plaintiff and the defendant herein was defendant, the plaintiff recovered a judgment for divorce, in which a written agreement, entered into between the parties prior to the granting of the divorce for the settlement of their property rights, was approved by the court and judgment was entered granting plaintiff a divorce and fixing the property rights of the parties as prescribed in such written agreement.

This cause, which was numbered 24622 in the Common Pleas Court, was instituted by the plaintiff as a separate action to set aside that part of the judgment in cause number 24168 approving the written agreement of the parties as to the settlement of their property rights and decreeing the property rights of the parties in accordance therewith, and for the granting to the plaintiff, upon the setting aside of such judgment, of fair and reasonable alimony from the property of the defendant in lieu of the provisions made in settlement of her property rights under the written agreement of settlement and the decree approving the same, and for the crediting of the amounts received by her under the agreement and decree upon the amount that may be decreed to her from the property of the defendant as her fair and reasonable alimony.

The action is predicated upon the alleged fraud of

the defendant in falsely representing to the plaintiff that the property owned by him was considerably less in value than it actually was and that his indebtedness was considerably greater than it actually was, thereby inducing plaintiff to enter into the written agreement of settlement, and to procure the approval of the same and the decree fixing property rights in accordance therewith by the court in the divorce action.

As shown by the allegations of the pleadings and the relief sought, any right of relief to which plaintiff may be entitled is based on the provisions of Section 11631 *et seq.,* General Code, and particularly on subdivision 4 of Section 11631, General Code, prescribing fraud by the successful party in obtaining a judgment or order as ground for the vacation or modification of such judgment or order.

The bill of exceptions discloses that there is substantial and credible evidence tending to prove the allegations of plaintiff's petition.

The defendant has assigned error in a number of particulars, but under the view we take of this case, it is necessary to consider only one assignment of error, and that is that the judgment is contrary to law, as consideration of this error disposes of the whole case.

Under the provisions of Section 11635, General Code, the proceedings to vacate the judgment or order on the ground mentioned in subdivision 4 of Section 11631, General Code, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate and modify it, and, if the party applying was defendant, the defense to the action. A summons shall issue on such petition and be served as in the commencement of an action. Under the provisions of Section 11636, General Code, the court must try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the va-

lidity of the defense or cause of action; and under the provisions of Section 11637, General Code, a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action and, when a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment.

In the case of *Braden* v. *Hoffman,* 46 Ohio St., 639, 22 N. E., 930, it is held that in proceedings to vacate a judgment brought by a defendant pursuant to statutory provisions similar to the provisions of Section 11631 *et seq.,* General Code, it is error to vacate the judgment before it has been adjudged that there is a valid defense to the action; and if, on error, such adjudication is not shown by the record, it will not be presumed.

A corollary of this holding is that it is error in a similar proceeding brought by a plaintiff, such as the instant proceeding, to vacate the judgment before it has been adjudged that there is a valid cause of action; and if, on an appeal on questions of law, such adjudication is not shown of record it will not be presumed.

An inspection from the judgment appealed from in this case reveals that it does not even purport to decide that there is ground for the vacation or modification of the judgment in cause number 24168, which the petition seeks to have vacated or modified, and does not purport to adjudicate that plaintiff has a valid cause of action.

As shown by the record in this case the judgment in cause number 24168 stands unvacated or modified, in full force and effect, without any adjudication that any ground exists for its vacation or modification and without any adjudication that plaintiff has a valid cause of action.

Consequently, if this action had been properly instituted in conformity with the provisions of Section 11631 *et seq.,* General Code, the judgment would have to be reversed for its failure to adjudicate that a ground for vacation existed and that plaintiff had a valid cause of action, and for its further failure to prescribe ·that the judgment in cause number 24168 is vacated.

However, there is another cogent reason why the judgment must be reversed. In the case of *Taylor, Assignee,* v. *Fitch,* 12 Ohio St., 169, it is definitely held that a proceeding to vacate a judgment rendered by a Common Pleas Court at a former term, pursuant to statutory provisions similar to the provisions of Section 11631 *et seq.,* General Code, is not of itself a civil action, but is a special proceeding in an action after judgment, and subject to review only on error, and the proceedings to vacate the judgment must be included in the record of the original case; that is, that the petition to vacate the judgment must be filed in the original case and all·proceedings had thereon must be made a part of the record in the original case.

The reasoning upon which the holding in the *Taylor case, supra,* is based, as shown by the opinion in the case at pages 172 and 173, is irrefutable.

That holding has never been overruled and is approved and followed in numerous cases, typical of which are the cases of *Coates* v. *Chillicothe Branch State Bank of Ohio,* 23 Ohio St., 415, at pages 431 and 432, and *Braden* v. *Hoffman, supra,* at pages 640 and 641. See, also, 23 Ohio Jurisprudence, 1154, Judgments, Section 1023.

It is also approved and followed in the case of *Bever* v. *Beardmore,* 40 Ohio St., 70, at page 78, where it is further held that such proceeding is in the nature of an application for a new trial. That holding is ap-

proved and followed in the case of *Beck* v. *Beck,* 48 Ohio App., 105, 192 N. E., 791.

There is only one reported decision in which an attempt is made to distinguish the holding by limiting its application, and this is in the case of *Folliette* v. *Brett,* 16 C. C. (N. S.), 452, 31 C. D., 624. In that decision it is held that the failure to file such proceeding in the original case does not constitute error requiring the reversal of the judgment rendered in such proceeding, because the judgment in the proceeding under consideration simply required the original action to be retried and the special proceeding was thereby ended without possibility of further judgment therein, thus differing from the instant case in that in it both the original judgment and the judgment in the special proceeding both stand of record.

Even as applied to the state of facts embodied in the case, we are of the opinion that that decision, for the reasons hereinafter mentioned, was erroneous in not holding that the failure to file the petition to vacate in the case in which the judgment sought to be reversed was rendered constituted reversible error.

All the holdings above mentioned, other than the decision in the case last discussed, which, as above mentioned, we consider erroneous, clearly show that it was the legislative intent, in the enactment of the statutory provisions in question, that a petition for the vacation or modification of a judgment pursuant to such provisions, being in the nature of an application for a new trial, should be filed in the action in which the judgment sought to be vacated or modified is rendered.

The proceedings prescribed by such statutory provisions were unknown to the common law and, being novel in character, strict compliance with such provisions is essential to the validity of a proceeding for

vacation or modification of a judgment. *Rabb, Admr., v. Board of Commrs.*, 36 Ohio App., 481, 173 N. E., 255; 2 Lewis' Sutherland Statutory Construction (2 Ed.), 643, 644, 645, Section 336.

Being in the nature of an application for a new trial, it is obvious that the petition for the vacation or modification of a judgment is wholly ineffective to invoke the jurisdiction of the court unless it is filed in the action in which the judgment was rendered.

As in the instant proceeding the petition for modification was not filed in the case in which the judgment sought to be modified was rendered, it was ineffective to invoke the jurisdiction of the court and the court, on such petition filed as it was filed, was without jurisdiction of the proceeding attempted to be commenced thereby.

For the reasons hereinbefore mentioned, the judgment of the Common Pleas Court is reversed, and for want of jurisdiction of the trial court, of the proceeding, final judgment is rendered in favor of the defendant, dismissing plaintiff's petition at her costs. But as the plaintiff has failed otherwise than on the merits, she may, pursuant to the provisions of Section 11233, General Code, file a new petition for modification of the judgment in the original cause in which the judgment sought to be modified was rendered, notwithstanding the time limit for the commencement of such action under the provisions of Section 11640, General Code, has expired.

*Judgment reversed.*

Guernsey, P. J., Jackson and Middleton, JJ., concur.