JOSEPH MILLER, APPELLEE, V. EDWARD SCHLERETH,
APPELLANT.
36 N. W. 2d 497

Filed March 18, 1949.  No. 32518.

*John C. Mullen* and *Bayard T. Clark,* for appellant.

*Jean B. Cain* and *Paul P. Chaney,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This is a workmen's compensation case. On the 2d day of October, 1945, the plaintiff received personal injuries arising out of and in the course of his employment. He was employed by the defendant as a laborer, and while engaged in dismantling an electric refrigerator the unit exploded causing the liquid to penetrate his eyes and to enter his lungs. He filed a petition in the Nebraska Workmen's Compensation Court and the case was heard before a judge of said court. On January 17, 1946, an award was entered, finding the plaintiff's wages to be in the amount of $23.56 a week; finding further that the plaintiff was temporarily totally disabled from and after the 2d day of October, 1945, until January 8, 1946, a period of 14 weeks, for which the plaintiff had been compensated; and that from January 8, 1946, the plaintiff suffered 90 percent permanent partial disability to his right eye, and 80 percent permanent partial disability to his left eye, making an average of 85 percent permanent partial disability for which the plaintiff was entitled to compensation at the rate of $13.35 a week for 286 weeks, and thereafter compensation at the rate of $9.01 a week for the rest of his life.

The defendant waived rehearing before the compensation court and gave notice of appeal to the district court for Richardson County. The plaintiff entered his voluntary appearance and submitted to the jurisdiction of the district court. On January 30, 1946, the defendant filed a petition in the district court requesting a trial de novo. The petition set forth the history of the accident and the procedure before the compensation court; alleged that the findings of fact by the compensation court were not conclusively supported by the evidence; and prayed the court to hear the matter on a trial de novo. It was stipulated that the case be heard

in the district court on the pleadings in the compensation court.

On March 23, 1946, a stipulation between the parties was filed in the district court which recited the history of the accident and the proceedings had with reference to compensation, and that at the present time doctors would testify that it was impossible to determine the exact disability plaintiff suffered by reason of the injury to his eyes. To settle the controversy it was agreed that competent doctors would agree that plaintiff had suffered the following maximum disability to his eyes: 85 percent to his left eye and 20 percent to the right eye; that the average total disability to both eyes was 52.5 percent; that the plaintiff's wages were in the amount of $23.56 a week and under the Workmen's Compensation Act he would normally be entitled to $15.70 a week for a period of 286 weeks; that plaintiff has been paid 11 weeks, in the amount of $133.50, leaving remaining 275 weeks; that 52.5 percent· of $15.70 is $8.24 a week for 275 weeks which amounts to $2,326, and that the present value of $2,326 is $1,928.03; that the plaintiff has a life expectancy of 21 years, and for the period of his natural life he is entitled to $4.50 a week for permanent disability, which sum amounts to $4,914, but that the present worth thereof is $2,999.88; and that said sums total $4,927.91. It was agreed that judgment be entered for the total amount in full and complete settlement for all injuries sustained.

The defendant waived his right to file a motion for new trial and his right to appeal.

On the same day the district court entered judgment in conformity with the stipulation, and also on the same day the plaintiff released the judgment as paid and satisfied. At the time the plaintiff signed the release of judgment, the defendant paid him $1,000 in cash, and gave him a promissory note secured by a mortgage on real estate in the amount of $2,000. The total sum of $3,000 was paid to the plaintiff as settlement in full.

On October 31, 1947, the plaintiff filed a motion in the district court for an order requesting the court to cancel and set aside the stipulation, the judgment entered thereon on March 23, 1946, and the satisfaction thereof of the same date. We deem it unnecessary to set forth the allegations of this motion, the pleadings filed in opposition thereto, or the proceedings had in connection therewith for the reason that on February 14, 1948, the plaintiff filed a petition in the district court in the original action to set aside and vacate the stipulation, the judgment entered in accordance therewith, and the satisfaction of the judgment. These proceedings were brought under sections 25-2001 and 25-2002, R. S. 1943.

The petition filed February 14, 1948, in the district court set forth the compensation award of the Nebraska Workmen's Compensation Court entered January 17, 1946, and the proceedings leading up to and including the judgment entered by the district court in accordance with the stipulation March 23, 1946, which in fact constitutes a lump sum settlement. The alleged settlement of the judgment in the amount of $3,000 was not presented to the district court for its approval or disapproval, and the transcript fails to show that such settlement was presented to the Nebraska Workmen's Compensation Court for its approval or disapproval. Additional allegations of the petition pertinent to a determination of this appeal will be considered later in the opinion as occasion requires.

The prayer of the petition is that the stipulation and the judgment entered thereon and satisfaction thereof be canceled, set aside, and held for naught, and that the matter be set for hearing de novo. The summons issued made returnable February 23, 1948, contained the same language as appears in the prayer of the petition, and that upon default of the defendant judgment would be taken accordingly.

On April 6, 1948, the defendant demurred to the plaintiff's petition, his principal grounds being that the court

had no jurisdiction over the person of the defendant or the subject matter of the action; that the plaintiff had no legal capacity to sue; that plaintiff's petition failed to contain sufficient facts to constitute a cause of action; and set forth the stipulation, the judgment entered thereon, and the satisfaction thereof in the amount of $3,000 in full and complete settlement. On April 27, 1948, the demurrer was submitted to the court, was overruled, and the defendant given five days to answer. On April 30, 1948, defendant filed a motion after the court overruled his demurrer, requesting the court to enter a final order on said ruling to enable him to appeal. On May 11, 1948, one of the attorneys representing the defendant filed a motion to withdraw as counsel. Thereafter a written request for a continuance until May 17, 1948, was filed, setting forth that one of the counsel for the defendant could not be present for trial on May 11, 1948, and the defendant would be without representation. This motion for continuance was supported by affidavit of counsel for defendant who withdrew from the case and other counsel, showing that it would be impossible for counsel representing the defendant to be present due to his absence from the state on legal matters. The trial court overruled the motion for continuance and the case proceeded to trial. We find that the court in so ruling did not abuse his judicial discretion.

The decree of the district court filed May 13, 1948, recited that the defendant's demurrer having been overruled and the defendant having filed his election to stand upon his demurrer, the default of the defendant was taken, and evidence was taken in behalf of the plaintiff. The court found in favor of the plaintiff and against the defendant; that the stipulation of the parties, the judgment entered thereon on March 23, 1946, and the satisfaction thereof be set aside and vacated. The court further found that the plaintiff suffered injuries to his lungs, as well as to his eyes as the result of his

employment on October 2, 1945, and the accident; that the plaintiff suffered 100 percent permanent total disability as of May 11, 1948, by reason of disability to his eyes and the injuries to his bronchial tubes, which is based upon the evidence offered by the plaintiff when the hearing was had on May 11, 1948, wherein the doctors testified to the degree of the disability of the plaintiff from which the trial court found that the plaintiff should have and recover from the defendant the sum of $13.35 a week for 69 weeks and 5 days from and after January 8, 1946, and thereafter the sum of $15.70 a week for 216 weeks and 2 days, and thereafter $10.60 a week for the remainder of his life, his medical bills and costs, and allowed the defendant credit for $3,000 paid by the defendant to the plaintiff March 23, 1946, as heretofore set out.

On May 27, 1948, defendant's motion for new trial was overruled, whereupon the defendant appeals to this court.

For convenience the appellant will be referred to as the defendant, the appellee as the plaintiff.

At the outset we deem it advisable to set forth briefly certain aspects of the Nebraska Workmen's Compensation Act.

With respect to the provisions of the Workmen's Compensation Act, the public has an interest in its due enforcement and observance which it is the duty of the court to protect, even without regard to the wishes of the parties. The act creates new remedies and new liabilities. The manner in which it operates is to be found under the legislation itself. See, Perry v. Huffman Automobile Co., 104 Neb. 211, 175 N. W. 1021, 179 N. W. 501; Ashton v. Blue River Power Co., 117 Neb. 661, 222 N. W. 42.

"In all questions under the workmen's compensation law, it is our duty to avoid rules of technical construction as much as possible, and to determine the intention of the legislature from the language of the act as a whole,

rather than from the loose words or phrases of isolated paragraphs." Dobesh v. Associated Asphalt Contractors, 138 Neb. 117, 292 N. W. 59.

Under the law we give a broad and comprehensive meaning to all statutes in order to arrive at the legislative intent. See Ray v. Sanitary Garbage Co., 134 Neb. 178, 278 N. W. 139.

The defendant contends that the judgment entered by the district court on March 23, 1946, upon the stipulation of the parties, was conclusive; that the judgment was satisfied and settled; and that no motion for new trial was filed and no appeal taken therefrom.

In this connection the defendant relies upon that part of section 48-181, R. S. 1943, amended in 1945, as follows: "* * * Provided, however, upon the written stipulation of the parties in the case, the matter may be submitted to the district court of any county in the state * * * which court shall have the authority to try, hear and determine the cause as in equity. * * * In such cases the trial in the district court shall be a trial de novo. All findings, orders, awards and judgments of the said court shall be conclusive upon all parties at interest unless * * * modified upon appeal * * *."

The law is well established in this jurisdiction that where employer and employee are operating under the Workmen's Compensation Act, and the employee suffers injury by reason of an accident, arising out of and in the course of his employment, he must look exclusively to the compensation act for his remedy. The provisions of the Workmen's Compensation Act are exclusive of all other liability as to those subject to it. See, Avre v. Sexton, 110 Neb. 149, 193 N. W. 342; Duncan v. A. Hospe Co., 133 Neb. 810, 277 N. W. 339; Jones v. Rossbach Coal Co., 130 Neb. 302, 264 N. W. 877.

While the authority to approve a lump sum settlement for a permanent disability has been committed to the district court, it seems to have been the intention of the Legislature, as disclosed by the entire act, to require

the parties to submit their agreement to the workmen's compensation court before asking the district court to approve the commutation, at least it was probably contemplated by the Legislature that the opinion of the workmen's compensation court would be of value to the courts to which these settlements are committed. Provision was made whereby the courts would be advised of such opinion. See Perry v. Huffman Automobile Co., *supra.*

In determining whether or not lump sum settlements shall be permitted in cases where the injury results in permanent disability, the final power lies in the district courts, subject only to exercise according to the terms of the statute, and to reversal or modification on appeal. See Jackson v. Ford Motor Co., 115 Neb. 758, 214 N. W. 631.

"Commutation or payment in a lump sum by approved agreement of the parties is a departure from the general rule and should only be sanctioned upon compliance with the statutory terms relating to the exception." Perry v. Huffman Automobile Co., *supra.*

In entering into an agreement under the Workmen's Compensation Act to discharge the employer from all liability for a permanent disability of the employee upon payment of a lump sum in lieu of periodic payments, the parties are not at liberty to make a settlement at variance with statutory terms; and ascertainment of the amounts of compensation payable periodically under the law is a prerequisite to a contract for commutation. See Perry v. Huffman Automobile Co., *supra.*

In a case of total disability, the injured employee cannot, for the purpose of making a lump sum settlement, agree upon a percentage of disability less than he actually has at that time. See Miller v. Central Coal & Coke Co., 129 Neb. 739, 263 N. W. 120.

"The spirit and intention of the compensation act is to safeguard a compensation award. Commutation of a

lump-sum payment should be approved by the courts only for strong and urgent reasons." Troxcil v. Morris & Co., 107 Neb. 817, 186 N. W. 978. See, also, Perry v. Huffman Automobile Co., *supra;* Bailey v. United States Fidelity & Guaranty Co., 99 Neb. 109, 155 N. W. 237.

As heretofore pointed out, the transcript in the record does not show that there was an application for lump sum settlement filed with the Nebraska Workmen's Compensation Court, that an application for lump sum settlement was filed with the district court, or that the district court had a chance to approve or disapprove such settlement.

It appears from the record on the trial had May 11, 1948, to vacate and set aside the stipulation, judgment entered thereon dated March 23, 1946, and the satisfaction of the judgment in the amount of $3,000, that the matter of a lump sum settlement in the amount of $3,000 had been presented to the Nebraska Workmen's Compensation Court and refused as not a fair settlement.

Section 48-136, R. S. 1943, provides in substance that a copy of the settlement shall be filed with the compensation court and no settlement shall be binding unless it is in accord with the provisions of this act.

Section 48-140, R. S. 1943, requires, in substance, that all settlements by agreement of the parties with the approval of the compensation court shall be final and not subject to readjustment, provided, however, no settlement shall be final unless there is a conformity with the provisions of this act, a finding by the compensation court, the district court, or any appellate court.

It is apparent from the proceedings had and the authorities heretofore set forth that the alleged lump sum settlement was not in accordance with the provisions of the Workmen's Compensation Act as required by law. The defendant's assignment of error is without merit.

The defendant contends when he filed a motion requesting the trial court to enter a final order upon the overruling of his demurrer, the court should have done so and permitted him to appeal, and the court thereafter

was without the power or authority to proceed further in the case.

When no further action of the court is required to dispose of the cause pending, the order becomes final and from which an appeal or proceedings in error will lie. However, an order is not final when the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for future action. See, Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N. W. 2d 545; Barry v. Wolf, 148 Neb. 27, 26 N. W. 2d 303.

In the instant case substantial rights of the parties involved in the action remained undetermined and the court had not disposed of the case on its merits. The court did not err in overruling the defendant's demurrer to the plaintiff's petition as will hereinafter appear.

This brings us to the proposition as to whether or not the plaintiff's petition filed February 14, 1948, states a cause of action; if so, the demurrer was properly overruled; if not, the defendant's demurrer should be sustained.

In addition to the substance of the plaintiff's petition heretofore summarized, the plaintiff alleged in his petition to set aside the judgment of the district court of March 23, 1946, in substance, that subsequent to the award entered in the Nebraska Workmen's Compensation Court which was on January 17, 1946, and prior to March 23, 1946, when the district court entered judgment on the stipulation of the parties which is sought to be vacated, the plaintiff and defendant had submitted a joint application for lump sum settlement to the Nebraska Workmen's Compensation Court, which was denied by said court, and no further action was taken thereon by either party; that such alleged agreement for lump sum settlement, as disclosed by the record, was not presented to the district court for approval nor any showing made that the same had been presented to the compensation court; that the proceedings under the Workmen's Compensation Act must be in conformity with Chapter 48,

article 1 of the Revised Statutes of Nebraska, 1943, and the sections of the statutes pertinent thereto; that not having so presented the matter to the district court the proceedings had, upon which the district court entered judgment on March 23, 1946, are contrary to law, and for the other reasons as contended for by the plaintiff under the previous assignment of error and as set forth in a discussion of the same as heretofore appears; and that such matters constituted a fraud upon the plaintiff and upon the district court, and as a consequence the judgment entered by the district court on March 23, 1946, should be vacated and set aside. The petition, in addition, sets forth that the plaintiff suffered an increase in disability from the accident which arose out of and in the course of his employment with the defendant. The increased disability is alleged to be total and permanent.

From an examination of the petition, we conclude it states a cause of action against the defendant on the issues as contended for by the plaintiff.

As previously stated, the plaintiff, on February 14, 1948, filed a petition in the district court, verified by affidavit, setting forth the judgment entered by that court on March 23, 1946, and alleged the grounds upon which he sought to vacate such judgment, which were for fraud practiced by the successful party in obtaining the judgment. Summons was issued and served as in the commencement of an action, as required by section 25-2002, R. S. 1943. These proceedings to vacate the judgment entered by the district court on March 23, 1946, were commenced within two years from the date of the rendition of such judgment, as required by section 25-2008, R. S. 1943.

Section 25-2001, R. S. 1943, vests the district court with power to vacate or modify its own judgments after the term at which such judgments were made. One of the grounds for so doing is for fraud practiced by the successful party in obtaining judgment.

As provided in section 48-181, R. S. 1943, as amended,

where in a compensation case rehearing is waived and appeal is had direct to the district court, the trial is de novo in the district court, and the court shall have the authority to hear and determine the cause as in equity. The instant case being one triable in equity, it is apparent that sections 25-2001 through 25-2008, R. S. 1943, are applicable to workmen's compensation cases.

To justify a trial court in setting aside a decree rendered at a former term on the grounds of fraud, it is not necessary that actual fraud should be found, but it is sufficient if facts and circumstances are proven from which constructive fraud can be inferred, if by reason of such facts and circumstances the party seeking to avoid the decree was induced by the successful party to make a settlement not in accord with the provisions of the workmen's compensation law. See Arnout v. Chadwick, 74 Neb. 620; 104 N. W. 942.

From the evidence adduced with reference to vacating and setting aside the stipulation and judgment entered thereon March 23, 1946, and the satisfaction thereof, we conclude that the ruling of the trial court did not constitute prejudicial error in such respect.

The defendant contends that the trial court was without power or authority to try and determine the issues involving the extent of disability which the plaintiff claims he suffered by virtue of the accident. In this connection we cite section 25-2004, R. S. 1943, which provides: "The court may first try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action."

Section 29-510, 3 Arkansas Statutes Annotated, 1947, under Judgments and Decrees, is exactly like section 25-2004, R. S. 1943. Section 470 under Issues, Trial and Judgment, Remington's Revised Statutes of Washington, Annotated, is likewise in exactitude with section 25-2004, R. S. 1943. Both states have statutes which pro-

vide that a judgment may be set aside for fraud practiced by the successful party.

Section 11636, Gardner's Ohio Civil Code Annotated, is analogous to the foregoing sections of the statutes cited, except the words "The court must try * * *" instead of "The court may try * * *."

The defendant applies the word "may" in section 25-2004, R. S. 1943, as "must."

In general, the word "may," used in statutes, will be given ordinary meaning, unless it would manifestly defeat the object of the statute, and when used in a statute is permissive, discretionary, and not mandatory. See, Lansdown v. Faris, 66 F. 2d 939; Rowenhorst v. Johnson, 48 S. D. 325, 204 N. W. 173.

The word "may" means "must" whenever third persons or the public have an interest in having the act done or have a claim de jure that the power shall be exercised. See Smalley v. Paine, 102 Tex. 304, 116 S. W. 38.

As heretofore mentioned, in this case involving the Workmen's Compensation Act, any recovery that may be had thereunder with reference to a lump sum settlement and approval of the same, or under the act in general as the same affects rights of the parties, the public has an interest.

A petition for the vacation of a judgment filed pursuant to section 11631 of the Civil Code of Ohio, is in the nature of an application for a new trial, and is filed in the action in which the judgment sought to be vacated is rendered. See Shedenhelm v. Myers, 77 Ohio App. 385, 68 N. E. 2d 331.

An order or decree which is vacated is nullified so that the resulting situation is precisely the same as if the order or decree had never existed. The result of the vacating of the decree was to remit the parties in all respects to the position which they occupied immediately succeeding the original filing of the pleadings in the district court. The effect of setting aside or vacating a judgment, generally speaking, is to leave the matter in

controversy open for future determination, and that determination must afford the parties in interest the right to a fair trial. See, Dorman v. Usbe B. & L. Assn., 115 N. J. Law 337, 180 A. 413; Aycock v. Kimbrough, 71 Tex. 330, 12 S. W. 71, 10 Am. S. R. 745; In re Estate of Grube, 162 Misc. 267, 294 N. Y. S. 311; 15 R. C. L., Judgments, § 178, p. 724.

In the case of the Knights of Maccabees of the World v. Gordon, 83 Ark. 17, 102 S. W. 711, the court held, in a statute exactly like ours, in speaking about the truth of defenses as not being finally tried in the proceedings to vacate the judgment: "* * * enough evidence to make a prima facie showing of the truth or existence of the defenses would be sufficient to authorize the court to vacate the judgment. When this is done, the judgment should be set aside and a new trial granted in the action in which the judgment was rendered. Hunton v. Euper, 63 Ark. 323; Chambliss v. Reppy, 54 Ark. 539."

In the case of State ex rel. Nelms v. Superior Court, 148 Wash. 24, 267 P. 775, in interpreting the section of the statute in Washington heretofore mentioned analogous to section 25-2004, R. S. 1943, the court held that proper construction of the section of the statute permitting the vacation of orders or judgments for stated reasons, is that on such a hearing the court does not determine the merits of the controversy, but merely whether or not there is a substantial defense offered. The same would be true if there were a valid cause of action existent. See, also, Williams v. Breen, 25 Wash. 666, 66 P. 103; Harju v. Anderson, 125 Wash. 161, 215 P. 327; Brandt v. Little, 47 Wash. 194, 91 P. 765, 14 L. R. A. N. S. 213.

In an action to set aside a judgment rendered at a prior term, if the court finds that the defendant has a valid defense, it does not render judgment in the original action but makes an order suspending the judgment that had been rendered until such time as the issues in the original action can be joined and determined as if no

judgment had ever been entered. At a hearing of action to set aside judgment rendered at a prior term, court does not decide the merits of the original controversy, but determines whether there is one of the grounds set forth in the statute for the vacation of the judgment and whether there is a valid defense or a valid cause of action as the case may be. See, Washington v. Levinson, 66 Ohio App. 461, 35 N. E. 2d 161; Minetti v. Einhorn, 36 Ohio App. 310, 173 N. E. 243.

"The granting of an application to vacate a judgment leaves the matters in controversy open for future determination." 31 Am. Jur., Judgments, § 793, p. 319.

We conclude the trial court was not in error in entering the defendant's default, and in hearing the evidence on the vacating and setting aside of the stipulation, judgment entered in accordance therewith March 23, 1946, and satisfaction thereof, and concluding from the evidence that such stipulation, judgment, and satisfaction thereof be vacated and held for naught.

We believe that the trial court was in error in setting the case for hearing on its merits at the same time that he heard the matter with reference to the vacation of the stipulation, judgment entered thereon, and the satisfaction of the judgment.

We deem it unnecessary to discuss other assignments of error raised.

The judgment of the trial court insofar as it set aside and vacated the stipulation, the judgment entered thereon of March 23, 1946, and the satisfaction of such judgment, is affirmed. In all other respects, the judgment of the district court is reversed and the cause remanded to the district court with directions that the cause be set for hearing on its merits on a trial de novo.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.

PAINE, J., not participating.