O. A. COOPER ET AL. V. DAVID SPEISER, JR., ET AL.

[FILED MAY 18, 1892.]

1. **Garnishment**: FINAL ORDER. Where a summons in garnishment in aid of execution was duly issued and served upon a party who answered, admitting the possession of certain moneys of the relator which he was ordered to pay into court, *held*, that the order was final unless appealed from.

2. ———: APPEAL BY ONE OF TWO GARNISHEES. Where two persons whose interests were not connected, were served with summons in proceedings in garnishment after judgment, who answered separately, and the court ordered one of them to pay the money in his hands into court and discharged the other, from which order the latter alone appealed, *held*, the interests of the parties being separate and distinct, and not connected, the appeal of the one did not bring up the cause as to both.

ERROR to the district court for Richardson county. Tried below before APPELGET, J.

*C. Gillespie*, for plaintiff in error:

It is an elementary principle that an appeal by any party to the case carries to the appellate court the whole case, and all parties connected with the case must follow it. (*Wilcox v. Saunders*, 4 Neb., 572; *Rogers v. Russell*, 11 Id.,

362; *O'Leary v. Iskey*, 12 Id., 136; *Rawalt v. Brewer*, 16 Id., 444; *Sells v. Haggard*, 21 Id., 361; *U. P. R. Co. v. Ogilvy*, 18 Id., 640; Maxwell, Pl. & Pr., 454.)

*F. Martin, contra,* cited: *Wilson v. Burney*, 8 Neb., 42; *Wilcox v. Saunders*, 4 Id., 572; *Wilcox v. Raben*, 24 Id., 368; *U. P. R. Co. v. Ogilvy*, 18 Id., 640.

MAXWELL, CH. J.

About the middle of February, 1890, David Speiser brought an action against John Roach and M. C. Nugles and caused an attachment to be issued which was levied upon certain property which it was claimed belonged to Roach. A few days afterwards this attachment was discharged by consent. On the 27th of that month judgment was rendered against Roach and in favor of Speiser. An execution, was thereupon issued and returned unsatisfied. Whereupon Speiser instituted proceedings in garnishment in aid of execution and service of summons was had upon Morris and Cooper. They answered separately, and the justice found that nothing was due from Morris to Roach but that Cooper was indebted to him in the sum of $117, which he was ordered to pay into court. From this order Morris appealed but Cooper did not. On the trial of the cause in the district court a large amount of testimony was taken and the court found that Cooper had taken no appeal and was concluded by the judgment before the justice. Roach had also filed a claim for exemption upon which the court made no finding. From that judgment the cause is brought into this court. It is claimed that the interests of Morris and Cooper were so connected that the appeal of Morris brought up the appeal of Cooper. We fail to see any connection between the cases. The rights of the respective parties, so far as appears, are separate and independent and the appeal did not bring up the entire case. Cooper therefore must pay the money into court as ordered

by the justice. The question of exemption was not passed upon by the court below. The cause is reversed and remanded to the district court for further proceedings.

REVERSED AND REMANDED.

THE other·judges concur.