Polk v. Covell.

JOHN F. POLK v. GEORGE W. COVELL ET AL.

FILED FEBRUARY 19, 1895. No. 5978.

1. **Appeal: PARTIES.** One of several defendants having separate and distinct defenses may prosecute an appeal from the county court to the district court, without joining his co-defendants.

2. ———: ———. When the interests of the several defendants are inseparably connected, an appeal by one defendant brings up the whole case.

4. **Review of Joint Judgment**: Parties. But in order to secure a review of a joint judgment by petition in error all persons interested must be made parties to the proceeding, as plaintiffs or defendants.

Error from the district court of Douglas county. Tried below before Keysor, J.

See opinion for statement of the case.

C. S. Polk, for plaintiff in error, contending that the appeal to the district court was erroneously dismissed, cited: Wilcox v. Raben, 24 Neb., 368; Lepin v. Paine, 18 Neb., 629; McHugh v. Smiley, 17 Neb., 626, and cases there cited; Reynolds v. Dietz, 34 Neb., 271; Cooper v. Speiser, 34 Neb., 500; Lamb v. Thompson, 31 Neb., 448; Ewars v. Rutledge, 4 O. St., 210; Mattison v. Jones, 9 How. Pr. [N. Y.], 152.

George W. Covell, contra, contending that the appeal of John F. Polk from the judgment of the county court did not bring up the entire case, and did not give the district court jurisdiction of Milton D. Polk, who did not appeal, cited: Moore v. McGuire, 26 Ala., 463; Wolf v. Murphy, 21 Neb., 472; Hendrickson v. Sullivan, 28 Neb., 790; Curten v. Atkinson, 29 Neb., 612; Consaul v. Sheldon, 35 Neb., 247; Hardee v. Wilson, 13 Sup. Ct. Rep., 39; Williams v. United States Bank, 11 Wheat. [U. S.], 414; Masterson v. Herndon, 10 Wall. [U. S.], 416; Miller v. McKenzie, 10 Wall. [U. S.], 582; Simpson v. Greeley, 20 Wall. [U. S.], 152; Owings v. Kincannon, 7 Pet. [U. S.], 399; The Protector, 11 Wall. [U. S.], 82; Feibelman v. Packard, 108 U. S., 14; Estis v. Trabue, 128 U. S., 225; Mason v. United States, 136 U. S., 581; Smetters v. Ramey, 14 O. St., 287; Lovejoy v. Irelan, 17 Md., 535; Duvall v. Cox, 5 How. [Miss.], 12; Green v. Planters Bank, 3 How. [Miss.], 43; Young v. Ditto, 2 J. J. Marsh. [Ky.], 72; Fotterall v. Floyd, 6 Serg. & R. [Pa.], 315; Elliott, Appel-

late Procedure, sec. 138; *Sloan v. Whiteman,* 6 Ind., 434; *Douglay v. Davis,* 45 Ind., 493; *Burns v. Singer Mfg. Co.,* 87 Ind., 541; *State v. East,* 88 Ind., 602; *Concannon v. Noble,* 96 Ind., 326; *Kain v. Gradon,* 6 Blackf. [Ind.], 138; *Kirby v. Holmes,* 6 Ind., 33; *Barger v. Manning,* 43 Ind., 472; *Emmert v. Darnall,* 58 Ind., 141; *Indianapolis Piano Mfg. Co. v. Caven,* 58 Ind., 328; *Conaway v. Ascherman,* 94 Ind., 187; *Bradshaw v. Callaghan,* 8 Johns. [N. Y.], 558; *Fenner v. Bettner,* 22 Wend. [N. Y.], 621; *Todd v. Daniel,* 16 Pet. [U. S.], 521; *Osborne v. Poe,* 6 Humph. [Tenn.], 111; *Smith v. Cunningham,* 2 Tenn. Ch., 565; *Hendricks v. State,* 73 Ind., 482; *Pierson v. Hart,* 64 Ind., 254; *Barger v. Manning,* 43 Ind., 472; *Henry v. Hunt,* 52 Ind., 114; *Reeder v. Maranda,* 55 Ind., 239; *McKeen v. Boord,* 60 Ind., 280; *Herzog v. Chambers,* 61 Ind., 333; *Hammon v. Sexton,* 69 Ind., 37; *Hunt v. Hawley,* 70 Ia., 183; *Goodwin v. Hilliard,* 76 Ia., 555; *Day v. Hawkeye Ins. Co.,* 77 Ia., 343; *Senter v. De Bernal,* 38 Cal., 640; *Thompson v. Ellsworth,* 1 Barb. Ch. [N. Y.], 627; *Cotes v. Carroll,* 28 How. Pr. [N. Y.], 436.

POST, J.

This action originated in the county court of Douglas county, where the defendant in error Covell sued to recover the sum of $800 for services rendered as attorney for Milton D. Polk in an action lately pending in the circuit court of the United States for the district of Nebraska. John F. Polk was joined as a defendant on an alleged original promise to be answerable for the value of the services so rendered at the request of his co-defendant. The defendants therein filed separate answers, which do not call for notice in this connection, except that the material allegations of the petition were by each put in issue. A trial was had, resulting in a general finding and judgment for the plaintiff against both defendants. Subsequently, and within the time prescribed by law, John F. Polk, desiring

to prosecute an appeal from said judgment to the district court for Douglas county, filed with the county judge the following undertaking, which was in due form approved:

"In the County Court, Douglas County, Nebraska.

"GEORGE W. COVELL

v.

MILTON D. POLK AND
JOHN F. POLK.

"Whereas, on the 18th day of June, 1892, George W. Covell recovered a judgment against Milton D. Polk and John F. Polk, in said court, for the sum of $800 and costs of said suit, taxed at $16.40, and the said defendant John F. Polk intends to appeal said cause to the district court of Douglas county:

"Now, therefore, I do promise and undertake to the said George W. Covell, in the sum of $1,640, that the said John F. Polk shall prosecute his appeal to effect, and without unnecessary delay, and that said appellant, if judgment be adjudged against him on the appeal, will satisfy such judgment and costs.          JOHN F. POLK.

"WM. A. GRAY.

"Executed in my presence, and surety approved by me, this 27th day of June, 1892.          J. W. ELLER,

"County Judge."

A transcript was in due time filed in the district court, whereupon the plaintiff therein, Covell, moved to dismiss the appeal, assigning as grounds for such motion:

"1. This court has no jurisdiction of the subject-matter.

"2. That all parties interested in the judgment sought to be appealed from, as shown by the record, have not appealed from the judgment, and, therefore, have not been brought into this court.

"3. The record shows a joint judgment against Milton D. Polk and John F. Polk for $800, yet John F. Polk only appeals and Milton D. Polk does not appeal and is not made a party appellant in this court."

The foregoing motion was, according to the transcript,. sustained, to which order the said John F. Polk in due form excepted and from which he has prosecuted this proceeding in error.

It will be noticed from the foregoing statement that the only question presented by the record is whether there was in the district court a defect of parties, or, in other words, was Milton D. Polk a necessary party to the appeal? It has been settled by repeated decisions of this court that all of several defendants jointly bound by a judgment or decree are necessary parties to a petition in order to secure a review thereof by proceedings in error, and may be made plaintiffs or defendants in conformity with the provisions of the Code in civil actions. (See *Wolf v. Murphy*, 21 Neb., 472; *Hendrickson v. Sullivan*, 28 Neb., 790; *Curtin v. Atkinson*, 36 Neb., 110; *Consaul v. Sheldon*, 35 Neb., 247; *Andres v. Kridler*, 42 Neb., 784.) But a distinction has long been recognized in this state between proceedings by petition in error and by appeal. For instance, in *McHugh v. Smiley*, 17 Neb., 626, it is said: "The rule as to appeals appears to be this, that when the action is against several defendants who have distinct and separate defenses, the judgment as to one defendant, in a proper case, may be appealed, in which case it will only be necessary to take up so much of the record as pertains to his case. Where, however, the interests of the parties are inseparably connected, an appeal will take up the case as to all." (See, also,. *Lepin v. Paine*, 18 Neb., 629; *Wilcox v. Raben*, 24 Neb., 368; *Cooper v. Speiser*, 34 Neb., 500.) In *Wilcox v. Raben* judgment was recovered against the principal and sureties on a promissory note in the county court of Hamilton county, from which the principal alone appealed to the district court, where judgment was entered against all of the makers. It was in the subsequent proceeding insisted that as the appeal was taken by Wilcox, the principal, alone, the district court was without jurisdiction to render judgment

against the sureties. But REESE, C. J., disposed of that contention by remarking that it is settled, in this state at least, that where the interests of the parties are inseparably connected the appeal will remove the cause to the appellate court as to all. It is not pretended that the appeal in this case brought up the judgment against Milton D. Polk, and it is clear that it did not, since the interests of the two defendants were not inseparably connected. Milton D. Polk was the principal defendant, who was primarily liable for the value of the plaintiff's services, and is presumed to be satisfied with the judgment of the county court. John F. Polk, on the other hand, stands in the relation of a surety for his co-defendant, a fact known to the plaintiff therein. It is evident, therefore, that the result of the appeal cannot affect the liability of the principal, and no sufficient reason has been suggested for holding that he must be joined as a party in order to confer jurisdiction upon the district court. We are referred to numerous cases which appear to sustain a different view; but whatever may be the rule elsewhere, the right of a surety having a separate defense to prosecute an appeal without joining his principal is, under our practice, too well settled to admit of a doubt. A closer examination of the authorities cited proves the diversity of opinion to be less radical than would appear from a casual reading thereof. Doubtless much of the confusion upon the subject is due to the different senses in which the term "appeal" is used in the provisions regulating appellate proceedings in the several states and in the courts of the United States. Judge Elliott, in his work on Appellate Procedure, 15, defines it as the removal of a suit in equity, or an action at law, from an inferior to a superior court, and his definition certainly harmonizes with the provisions of the Indiana Code, where the only means of review is by appeal. The cases from that state, as well as most, if not all, of the others cited, refer to proceedings which, under our modified

system of the common law, would be prosecuted by petition and denominated error, as distinguished from appeals. They do not, therefore, conflict with the cases cited from this court. There is reason, too, for the distinction recognized in this state. The proceeding by petition in error is substantially an independent action, in which the plaintiff, as the moving party, controls both the pleading and the process of the court. He may accordingly make defendants all necessary parties who refuse to join as plaintiffs to secure the review of a judgment or decree. In short, the provisions of title 3 of the Code, relating to parties, is applicable to petitions in error. Our Code, however, makes no provision for the acquiring of jurisdiction by notice of parties jointly liable for a judgment upon a refusal to join as appellants. A case in point is that of the plaintiff in error. His co-defendant, the principal debtor, is, as we have seen, presumably satisfied with the judgment, and, therefore, unwilling to join in the appeal. He is, therefore, practically without remedy by appeal, unless permitted to prosecute a separate proceeding, a result to be avoided if possible in view of the liberal rules of interpretation universally applied to remedial statutes. It follows that the order dismissing the appeal must be reversed and the cause remanded for further proceedings in the district court.

REVERSED AND REMANDED.