STURGIS, CORNISH & BURN COMPANY, APPELLEE, V. MARTIN B. MILLER ET AL., APPELLANTS.

FILED JUNE 22, 1907. No. 14,873.

1. Judgment: JOINT DEBTORS. In this state a judgment is not considered an entirety unless the interests of the judgment debtors are inseparable.

2. ———: VACATION. The vacation of a judgment against one judgment debtor whose interests are inseparable *ipso facto* vacates it as to other judgment debtors.

3. ———: ———: PRINCIPAL AND SURETY. A judgment rendered against one defendant as principal and others as sureties was set aside as to the principal on his motion. *Held,* That the interests of the judgment debtors were inseparable, and that the vacating of the judgment as to the principal vacated it *ipso facto* as to all parties.

APPEAL from the district court for Seward county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*Smyth & Smith, O'Neill & Gilbert, M. D. Carey* and *Landis & Schick,* for appellants.

*Norval Bros.* and *Jefferis & Howell, contra.*

EPPERSON, C.

On May 11, 1900, Frank Sturgis obtained a judgment in the district court for Douglas county against Martin B. Miller, the Hinman Improved Can Company, and the Helm Building & Supply Company upon a bill of exchange. In conformity with the findings of the court, the judgment was entered against the Hinman company as principal and the Helm company and Miller as sureties. Ten days

later, and during the same term of court, the Hinman company filed a motion to set aside the judgment as to it because of the absence of its attorney at the time of trial. On consideration of this motion, the court ordered "that the judgment heretofore entered in this cause on the 11th day of May, 1900, against this defendant, the Hinman Improved Can Company, be, and the same is hereby, set aside, vacated and held for naught, and the execution heretofore issued be recalled and vacated, and the said cause be set down for trial at the present term of court." The record discloses that the trial was entered into in May, 1900, and that on December 7, 1900, the court made a finding in favor of the plaintiff as against the Helm company, but against the plaintiff as to the Hinman company. Upon these findings, the action as to the Hinman company was dismissed and a judgment rendered against the Helm company for the amount of the debt.

Plaintiff herein, as assignee of the judgment creditor, brought this action in the district court for Seward county against the defendants, who constitute the Helm company, a partnership firm, to subject their property to the Douglas county judgment of December 7, 1900. The validity of that judgment is assailed on the ground that the judgment of May 11, 1900, was not set aside as to the Helm company, and the court had no jurisdiction over it in the proceeding of its codefendant for a new trial. The language of the order of the court vacating the judgment against the Hinman company, above set out, did not expressly vacate the judgment against the Helm company. The question at issue is: Did such order *ipso facto* set aside the judgment as to all the debtors, or was the moving defendant alone released? If the judgment of May 11, 1900, remained in full force against the Helm company, the judgment subsequently rendered is void, and the plaintiff's present action must fail.

In this state a judgment obtained against a principal and a surety is considered a joint judgment. See *Farney*

*v. Hamilton County*, 54 Neb. 797, and cases cited. But this does not mean that such judgment is an entirety. There are jurisdictions holding that a judgment obtained against two or more parties is an entirety, and therefore if void as to one is also void as to all. Hence, in those jurisdictions, the setting aside of a judgment as to one of the parties *ipso facto* worked the same relief as to the others. 1 Freeman, Judgments (4th ed.), sec. 136; 1 Black, Judgments (2d ed.), sec. 211. "At common law a judgment was regarded as an *entire thing,* and being an entirety it has been held repeatedly that it could not be affirmed as to one or more defendants, and reversed as to others. It must either be affirmed as a whole or reversed as a whole." *Hanley & Welch v. Donoghue,* 59 Md. 239. Relief may be obtained against one or more of several parties sued jointly and the action dismissed as to the others. A judgment may be sustained as to one party and reversed as to another. One judgment debtor may appeal, and, unless his interests are inseparably connected with another judgment debtor, the relief granted on his suit to reverse will not affect the original judgment as against his codebtors. Section 429 of the code provides: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may in its discretion render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper. The court may also dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or to proceed in the cause against the defendant or defendants served." Section 594 of the code provides in part: "When a judgment or final order shall be reversed either in whole or in part in the supreme

court, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment." In *Polk v. Covell*, 43 Neb. 884, it was held that "one of several defendants having separate and distinct defenses may prosecute an appeal from the county court to the district court, without joining his codefendants." In the case cited two defendants were sued, one as principal and the other as surety. Separate answers were filed, and upon trial judgment was rendered against both. The alleged surety alone appealed, and his right to thus prosecute an appeal was challenged. In the opinion this court quotes from *McHugh v. Smiley*, 17 Neb. 626, as follows: "The rule as to appeals appears to be this, that when the action is against several defendants who have distinct and separate defenses the judgment as to one defendant in a proper case may be appealed; in which case it will only be necessary to take up so much of the record as pertains to his case. Where, however, the interests of the parties are inseparably connected, an appeal will take up the case as to all." In *Western Cornice & Mfg. Works v. Leavenworth*, 52 Neb. 418, it was held: "In an appeal, that the final adjudication may affirm the decree of the trial court in some particular or particulars, as to the rights of one appellant, does not necessitate the affirmance of the decree as an entirety and against all appellants." This rule was applied in a case where all defendants jointly prosecuted an appeal. In *Stuhnka v. Kreitle*, 66 Neb. 829, the judgment of the lower court was reversed as to some of the defendants and affirmed as to others in an action for damages caused by the liquor traffic. In *Morrissey v. Schindler*, 18 Neb. 672, it is said: "A plaintiff having sued several defendants in an action *ex contractu*, must in general have recovered against them all or be nonsuited upon the trial. See Chitty's Pleadings, vol. 1, 51. But all of this is changed by the code, and it may be said that the necessity for a reform in the system of practice which resulted in the

new system of pleading and practice in New York and other states, including our own, was more sharply illustrated in the provisions of the common law above stated than in any other." HASTINGS, C., speaking for the court, in *Sutherland v. Holliday*, 65 Neb. 9, says: " 'At common law, where several defendants are sued jointly in an action *ex contractu*, the plaintiff must have judgment against all of the defendants who are before the court    *    *    * or he can have judgment against none.'   11 Ency. Pl. & Pr. 847. *Long v. Clapp*, 15 Neb. 417, is an action on an alleged joint warranty of certain sheep. There was evidence of the contract only against one defendant. Verdict and judgment were against both, and a joint petition in error was held bad because under section 429 of the code of civil procedure, judgment against part of the defendants was authorized, and it could not be set aside as to both. In *Roggenkamp v. Hargreaves*, 39 Neb. 540, it was held that a judgment might properly be rendered against one of two defendants sued on an account as partners. In Ohio, whence Nebraska took this section 429, it has been held to authorize a judgment against part of the defendants sued jointly on a joint contract. *Lampkin v. Chisom*, 10 Ohio St. 450; *Roby v. Rainsberger*, 27 Ohio St. 674, 676; *Humphries v. Huffman*, 33 Ohio St. 395. In New York, under a quite similar and only slightly broader statute, it has been uniformly held that the rule in suits upon contracts is precisely the same as in torts—that all or any of the defendants may be found liable. *Brumskill v. James*, 11 N. Y. 294; *McIntosh v. Ensign*, 28 N. Y. 169; *Barker v. Cocks*, 50 N. Y. 689." In *Cooper v. Speiser*, 34 Neb. 500, where the interests of the parties were separate and distinct, it was held that an appeal by one did not bring up the cause as to both.

A different rule obtained under our former statute in a proceeding to review the judgment of the lower court by petition in error. Such proceeding was in the nature of an independent action. All parties must be brought into

the appellate court.   See *Farney v. Hamilton County,* 54
Neb. 798, and cases cited.

The foregoing authorities and statutes cited have es-
tablished in this state the rule that a judgment is not
considered an entirety unless the interests of the judgment
debtors are inseparable.   If the interest of the defendants
against whom the judgment of May 11 was rendered was
not inseparable, then they were permitted each to prose-
cute his own defense and present his own theory inde-
pendently of the other, and procure a new trial of the
issues in which he is interested without affecting the lia-
bility of his codefendant.   He would have the same right
alone to move in the court rendering the judgment as he
would have under like issues to appeal from an inferior
court to the district court.   But with inseparable inter-
ests, proceedings to vacate by one would carry the entire
case with it.

It will be observed that the judgment of May 11, 1900,
fixes the liability of the Hinman company as principal and
the Helm company as surety.   Plaintiff cites authorities
to the effect that the liability of a surety is dependent
upon and inseparable from the interest or liability of the
principal, and that, when joined in an action and judg-
ment rendered against them, the judgment became an
entirety.   In *Van Renselaer v. Whiting,* 12 Mich. 449, it
appears that Van Renselaer recovered a judgment against
John L. Whiting and J. Tallman Whiting.   The latter
moved that the judgment be vacated as to him, and the
court entered the following order: "A motion to set aside
the judgment in this cause having been argued by counsel,
and submitted, and the court having duly considered the
same, it is ordered that said motion be, and the same is
hereby, granted and that the judgment heretofore entered
in this cause, be and the same is hereby, set aside and
vacated, as to the defendant J. Tallman Whiting."   In re-
viewing the case the supreme court of Michigan said:
"The effect of vacating the judgment as to J. Tallman
Whiting was to vacate it as to the other defendant also;

and there is now no judgment in the case. The parties have, therefore, now all the rights in the circuit court which they would have in any case of the vacation of a judgment." In *Wilcox v. Raben*, 24 Neb. 368, it is held: "Where, in an action in the county court against the principal and sureties on a promissory note, as joint makers thereof, judgment was rendered in favor of the plaintiff against all, and the principal defendant removed the cause to the district court by appeal, it was held that, as the interests of the defendants were inseparably connected, the appeal brought the entire case to the district court, and that court, upon a trial resulting in favor of the plaintiff, had jurisdiction to render judgment against all the defendants." In the opinion it was further said: "I think it sufficiently settled, in this state at least, that, where the interests of the parties are inseparably connected in an action, an appeal by one will remove the cause to the appellate court for all. *Lepin v. Paine & Co.*, 18 Neb. 629, and cases there cited. Durias Wilcox was the principal debtor upon the note; any defense made by him inured to the benefit of his sureties, and therefore the appeal, even if taken by him alone, and without express authority from the other defendants, removed the cause into the district court as to all."

From this it seems that the interest of a surety was so dependent upon and inseparable from the interests of his principal that a proceeding on appeal carried with it the judgment as an entirety, giving the court jurisdiction over the sureties who did not appeal. This case was cited with approval in *Polk v. Covell*, 43 Neb. 884, above cited, where it was held that an appeal by an alleged surety did not remove the judgment as to the principal. The reason for the different application of the rule seems to be that a surety may have a defense which cannot avail his principal, such as a denial of the suretyship, which must be determined independently of the principal's liability. In *Polk v. Covell, supra,* it is said: "It is evident, therefore, that the result of the appeal cannot affect the liability of

the principal, and no sufficient reason has been suggested for holding that he must be joined as a party in order to confer jurisdiction upon the district court."

It is true that by the judgment of December 7, the alleged principal was released and the Helm company held as principal and not as surety, thereby establishing that the relationship of principal and surety never in fact existed; and, moreover, making it now appear that the interests of the judgment debtors were separable. But their relative interests cannot be determined in this suit. Here the only question for determination is the effect of the order of the district court vacating the judgment of May 11. The status of the parties as then existing controls. They were adjudged jointly liable to the plaintiff in the judgment decreeing the Helm company a surety, thereby binding its interests inseparably to those of its codefendant. This being their status, the vacating of the judgment against the Hinman company *ipso facto* vacated it as to all, and the court retained jurisdiction over all the defendants.

We think the learned trial court reached the right conclusion in this case, and recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.