BETTY J. FICK, ADMINISTRATRIX OF THE ESTATE OF THOMAS FICK, DECEASED, APPELLEE, v. MABEL C. HERMAN, DOING BUSINESS AS HERMAN OIL TRANSPORT COMPANY, ET AL., APPELLANTS, IMPLEADED WITH EDGAR CLIFTON, APPELLEE.

72 N. W. 2d 598

Filed October 21, 1955. No. 33591.

*Wear & Boland, M. D. Cook,* and *John E. North,* for appellants.

*Sidner, Lee, Gunderson & Svoboda,* for appellee Fick.

*Spear, Lamme & Simmons,* for appellee Clifton.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The appellee, Betty J. Fick, administratrix of the estate of Thomas Fick, deceased, moves this court to recall its mandate to allow consideration of a further motion praying for a specific order that the nonappealing defendant, Edgar Clifton, shall be a party to the retrial.

The record presented discloses that the mandate of this court was received by the clerk of the district court for Dodge County on February 19, 1955, and since that date no action has been taken thereon by the district court of that county. The showing for a recall of the mandate is sufficient under the holdings of this court if reason exists for our so doing. Merriam v. Gordon, 20 Neb. 405, 30 N. W. 410; Horton v. State, 63 Neb. 34, 88 N. W. 146; State Bank of Beaver Crossing v. Mackley, 118 Neb. 734, 226 N. W. 318; Rehn v. Bingaman, 152 Neb. 171, 40 N. W. 2d 673. We think that a consideration of the question whether or not this court's order of reversal and remand requires a new trial as to the nonappealing defendant, Edgar Clifton, should be made more specific and eliminate the possibility of error on this point on a retrial of the case.

The factual situation is: Betty J. Fick, administratrix of the estate of Thomas Fick, deceased, brought an action to recover damages for the wrongful death of Thomas Fick caused by a collision between an automobile driven by the defendant Edgar Clifton, in which Thomas Fick was a passenger, and a stalled truck owned by the defendant Mabel C. Herman, doing business as the Herman Oil Transport Company, and Marvin G. Melia, its driver. The case was submitted to a jury, which returned a verdict for the plaintiff and against the defendants Mabel C. Herman and Marvin G. Melia. The jury found specifically that plaintiff was not entitled to recover against the defendant Clifton. An appeal was taken by the defendants Herman and Melia. Plaintiff did not appeal or cross-appeal from the jury's

finding in favor of Clifton. The judgment was reversed and the cause remanded for a new trial by this court because of error in the instructions. Fick v. Herman, 159 Neb. 758, 68 N. W. 2d 622. It is the contention of the plaintiff below that the entire judgment as rendered on the verdict, including the claim of liability on the part of Clifton, is reversed and the cause remanded for a new trial. It is the contention of Clifton that the jury verdict exonerating him, in the absence of his being made a party to the appeal, has become final and is res judicata as to him.

Defendant Clifton relies on the case of Lewis v. Beckard, 118 Neb. 533, 225 N. W. 462. In that case plaintiff was approaching an intersection from the east. The defendant Haggerty approached it from the west. The defendant Beckard approached the same intersection from the south. Beckard's car struck the Haggerty car and shoved it against the plaintiff's car. Plaintiff brought suit against Beckard and Haggerty. The jury found against Haggerty and for Beckard. Haggerty's motion for a new trial was overruled, and he appealed. Plaintiff did not appeal from the verdict and judgment against her in favor of Beckard. The judgment against Haggerty was reversed and remanded because of misconduct of counsel. This court in its opinion stated: "And in our opinion the finding of the jury in defendant Beckard's favor is not presented by this appeal. It is a matter which does not affect the defendant Haggerty adversely and about which he therefore has no right to complain. * * * The plaintiff might have appealed from the verdict and judgment in Beckard's favor, but she did not do so." The judgment was thereupon reversed and a new trial ordered as to the issues between the plaintiff and the defendant Haggerty. The question of the power of the court to remand the cause for a new trial as to Haggerty only was not briefed nor in any manner questioned on the appeal. The case is similar in principle to the one before us. It is a con-

trolling precedent unless a consideration of the issue reveals a fallacy in the reasoning which supports it.

The common-law rule on this subject is that a judgment against joint defendants is an entirety which must stand or fall as a unit, whether the liability which gave rise to the judgment was joint, or joint and several. In accordance with that view, a judgment against two or more defendants, whether in contract or tort, was indivisible, and could neither be vacated by a trial court nor reversed by a reviewing court as to one defendant alone, even though it was not erroneous as to the others. The inflexible character of the common-law rule has been abandoned in most jurisdictions, but the extent of the departure from the common-law rule varies. See Chmielewski v. Marich, 2 Ill. 2d 568, 119 N. E. 2d 247, 42 A. L. R. 2d 1023.

Every joint tortfeasor is liable for all damages to which his conduct has contributed, and it is no defense that these damages would not have occurred without the concurring misconduct of another person. The plaintiff need not join all tortfeasors as defendants in an action for damages. A jury may properly return a verdict in favor of one tortfeasor and against another, or the court may direct a verdict in favor of one codefendant and permit the case against another to go to the jury. If a verdict is returned against two defendants, the court may grant a new trial as to one of them only. This appears to be the general rule in this state. There is, however, one exception to that rule which is made clear by the opinion in Sturgis, Cornish & Burn Co. v. Miller, 79 Neb. 404, 112 N. W. 595. In that case we said: "There are jurisdictions holding that a judgment obtained against two or more parties is an entirety, and therefore if void as to one is also void as to all. * * * Relief may be obtained against one or more of several parties sued jointly and the action dismissed as to the others. A judgment may be sustained as to one party and reversed as to another. One judgment debtor may appeal,

and, unless his interests are inseparably connected with another judgment debtor, the relief granted on his suit to reverse will not affect the original judgment as against his codebtors. Section 429 of the code (now section 25-1302, R. R. S. 1943) provides: 'Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may in its discretion render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper. The court may also dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or to proceed in the cause against the defendant or defendants served.' Section 594 of the code (now section 25-1926, R. R. S. 1943) provides in part: 'When a judgment or final order shall be reversed either in whole or in part in the supreme court, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment.' In Polk v. Covell, 43 Neb. 884, it was held that 'one of several defendants having separate and distinct defenses may prosecute an appeal from the county court to the district court, without joining his codefendants.' In the case cited two defendants were sued, one as principal and the other as surety. Separate answers were filed, and upon trial judgment was rendered against both. The alleged surety alone appealed, and his right to thus prosecute an appeal was challenged. In the opinion this court quotes from McHugh v. Smiley, 17 Neb. 626, as follows: 'The rule as to appeals appears to be this, that when the action is against several defendants who have distinct and separate defenses the judgment as

to one defendant in a proper case may be appealed; in which case it will only be necessary to take up so much of the record as pertains to his case. Where, however, the interests of the parties are inseparably connected, an appeal will take up the case as to all.' "

The general rule is: The principle that a trial or appellate court has power to vacate a judgment as to less than all of the parties against whom it runs is to some extent qualified. The controlling rule involving the question whether or not a judgment against multiple defendants may be vacated as to some only, is that when a judgment against two or more defendants is vacated as to one of them, it need not for that reason alone be vacated as to any of the others and should not be vacated as to them, unless it appears that because of an interdependence of the defendants or because of other special factors it would be prejudicial and inequitable to leave the judgment standing against them. Sturgis, Cornish & Burn Co. v. Miller, *supra;* Chmielewski v. Marich, *supra.* See Annotation, 42 A. L. R. 2d 1030.

It seems clear to us that under the foregoing holdings the interests of Clifton are not interdependent and inseparably connected with those of Herman and Melia. The liability of Clifton, if any, is based on different issues and different facts. Consequently, a reversal and remand for new trial as to Clifton would be improper and erroneous.

The Supreme Court, in a proper case, is empowered to make any order that the district court is authorized to make by virtue of section 25-1926, R. R. S. 1943.

It might be contended that rule 1b of Part 1, Rules of the Supreme Court, may play some part in matters of this kind. That rule provides that the clerk of the district court, in forwarding the notice of appeal and docket fee to the Clerk of the Supreme Court as required by section 25-1912, R. R. S. 1943, shall accompany the same with a certificate setting forth the names of all the parties to the cause in the district court and their re-

lation to the case as they appeared in that court. The Clerk of the Supreme Court is then required to docket the case, designating the party or parties filing the notice of appeal in the court below as appellant or appellants and all other parties as appellees. We have held: "The filing of a notice of appeal and the depositing of the docket fee in the office of the clerk of the district court, as required by Section 20-1912, Comp. St. Supp. 1941 (now section 25-1912, R. R. S. 1943), gives the supreme court jurisdiction of the cause and all persons made parties thereto in the district court." Madison County v. Crippen, 143 Neb. 474, 10 N. W. 2d 260. See, also, Ash v. City of Omaha, 152 Neb. 699, 42 N. W. 2d 648. It appears, therefore, that this court has jurisdiction of the cause and all the parties, including Clifton, by virtue of the appeal. But this does not mean that this court will consider any and all claims of error. Error must be properly preserved and presented. In the instant case the verdict and judgment for Clifton was not appealed from by the plaintiff. No motion for a new trial was filed as to the judgment entered in favor of Clifton. No cross-appeal was taken. It is therefore conclusively presumed that plaintiff was satisfied with that portion of the jury's verdict. The judgment in favor of Clifton is therefore final unless it is interdependent and inseparably connected with that of the appellants, which we have heretofore held that it is not.

We find that the mandate and order for a new trial as to the appellants Herman and Melia only are correct. The motion of the plaintiff-appellee for a specific order that the nonappealing defendant Clifton shall be a party to the retrial is without merit, and the motion is denied. The order for a retrial as to the defendants Herman and Melia only being entirely correct, no reason exists for recalling the mandate, and the motion for this court to do so is also overruled.

MOTION DENIED.

SIMMONS, C. J.

In the decision of this case appearing in 159 Neb. 758, 68 N. W. 2d 622, I am shown as participating in this case. The record is correct. The firm of Spear, Lamme and Simmons is shown as representing the appellee Clifton. However, at that time they did not participate by briefs or argument in the submission of the case. They appeared by filing made herein on September 16, 1955, and are concerned in the matter now decided. I have not participated in the instant decision.