**In re Randall Trent MORGAN.**

**Deloss McKNIGHT, Receiver, Special Receiver and Successor Trustee of the Ollie Harold Morgan Trust, Plaintiff,**

v.

**Randall Trent MORGAN, Defendant.**

**Bankruptcy No. HE 86–42 S.
AP No. 86–337.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

April 20, 1989.

Karen Queen, Esq., Little Rock, Ark., for debtor.

James Van Dover, Marianna, Ark., for Deloss McKnight, Receiver, Special Receiver and Successor Trustee of the Ollie Harold Morgan Trust.

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT
WITHOUT PREJUDICE

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a Motion for Summary Judgment filed in the above referenced adversary proceeding, a Complaint

to Determine Dischargeability filed pursuant to 11 U.S.C. § 523(a)(4).

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Moreover, the Court finds that the matter before it is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in 28 U.S.C. § 157(b)(2)(I).

The Court on November 7, 1988 issued an Order directing the parties to submit to the Court letter briefs clarifying whether the pending Motion for Summary Judgment was ready for determination. They have done so and the Court now considers that Motion.

The Plaintiff asserts he is entitled to summary judgment on his Complaint contending the following:

1. As a result of hearing conducted by the Chancery Court of St. Francis County, Arkansas, on and prior to January 21, 1986, the court issued its February 26, 1986, letter opinion, wherein it set out its findings and conclusions. Those findings and conclusions were incorporated by reference in a Decree entered April 4, 1986, in the civil action styled *Lucille Morgan and Teresa Morgan, plaintiffs v. Randall Trent Morgan, individually, and as Trustee of the Ollie Harold Morgan Trust and as Executor of the Estate of Ollie Harold Morgan, Deceased, defendants*. That decision became final when the Arkansas Court of Appeals delivered its unpublished decision on May 11, 1988.

2. The Chancery Court ruled that Defendant, while acting as Trustee of the Ollie Harold Morgan Trust, committed fraudulent acts and was guilty of defalcation which caused the trust corpus to be diminished by at least $175,255.43.

3. Plaintiff commenced this adversary proceeding to establish that the judgment-debt awarded in the Chancery Court was not dischargeable because it was within the purview of 11 U.S.C. § 523(a)(4). The elements of a cause of action under Section 523(a)(4) were before the Chancery Court where the Defendant was a party. Those issues were central to the prior determination.

4. Res judicata should preclude this court from relitigating the issues that were actually, or should have been, presented to the state court. All facts having previously been finally and judicially determined, no controversy of material facts exists.

5. In support of this motion, Plaintiff files herewith an authenticated copy of the Decree of the Chancery Court, as Exhibit A; the complete trial court record, except for the box of exhibits, which are incorporated by reference and which remain in the custody of the Clerk of the Arkansas Supreme Court, as Exhibit B; and a copy of the Abstract and Brief of Appellate, filed with the appellate court clerk on November 6, 1987, as Exhibit C.

The debtor, in opposition to the Court's granting this motion asserts the following:

1. Defendant Morgan denies each and every allegation of the Motion for Summary Judgment unless specifically admitted herein.

2. Defendant states that the decree entered by the St. Francis Chancery Court on April 4, 1986, was entered in violation of the automatic stay of 11 U.S.C. § 362 and, thus, is null and void.

3. Defendant Morgan further states that the doctrines of res judicata or collateral estoppel are inapplicable to this case due to the fact that the decree of the Chancery Court is void, the Chancery Court did not use the appropriate standard of proof in making its determination and that there are material facts that are controverted.

Both parties attached briefs in support of their respective arguments.

The Plaintiff also filed a Reply to the debtor's response addressing what he denominated to be the two points argued by the debtor. The Court will only address the first issue because it concludes, on that basis, that the Motion for Summary Judgment must be denied at this time and without prejudice to its being renewed at a later time as hereinafter provided.

The Plaintiff argues that the automatic stay of the Bankruptcy Code "does not extend to void the state court's acts." He

asserts that when the state court Chancellor signed and filed the formal decree after the bankruptcy case was filed, he did not commit an act prohibited by 11 U.S.C. § 362(a)(1). In support of this argument the Plaintiff cites two bankruptcy court decisions for the proposition that the entry of a formal written decision post-petition is not an action which is stayed under § 362(a) of the Bankruptcy Code. These courts adopted this position because they were (1) reluctant to extend the strictures of the automatic stay over state court judicial officers (as opposed to parties to state court proceedings) and (2) the parties had concluded all activities in the cases and the court had made oral findings and/or had taken the matter under advisement. *In re Wilson*, 72 B.R. 956 (Bkrtcy.M.D.Fla.1987); *In re Anderson*, 62 B.R. 448 (Bkrtcy.D. Minn.1986).

The Court has considered the cases submitted by the Plaintiff in support of his argument that the post-petition action by the state court, i.e., entry of a formal order memorializing the informal decision of the court was not in violation of the automatic stay. This Court, however, on the facts presented in this case, does not reach the same conclusions reached by those courts. This Court is not ready to conclude as the Minnesota and Florida bankruptcy courts did that "as a matter of law" the actions by the state court did not violate the automatic stay imposed by the filing of a bankruptcy petition and hence, cannot at this juncture, grant a Motion for Summary Judgment. Further, this Court hastens to add that it is also not ready to conclude that the decree entered by the state court is null and void. The actions may be voidable, but that is a question of fact to be determined on a case-by-case basis.

It should be noted that even though this Court, under the facts presented here, rejects the conclusions reached by these other bankruptcy courts and does not grant the Motion for Summary Judgment, it is empowered to annul the automatic stay. 11 U.S.C. § 362(d). Thus, it would be inclined to annul the stay to ratify the actions of the state court or in the alternative

permit entry of this final order post-petition.

Accordingly, it is hereby

ORDERED that the Motion for Summary Judgment be and hereby is denied without prejudice and for the reasons as hereinabove set out.

IT IS SO ORDERED.