**In the Matter of EUGENE L. PIEPER, P.C., Debtor.**

**GUARANTEE MUTUAL LIFE COMPANY, Plaintiff,**

v.

**Paul E. CROUNSE, Eugene L. Pieper, Douglas Quinn, Defendants.**

**Bankruptcy Nos. BK91–80603, A91–8163.**

United States Bankruptcy Court, D. Nebraska.

Aug. 22, 1996.

Michael Mostek, Omaha, NE, for plaintiff.

Terry Grennan, Omaha, NE, for Douglas Quinn.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on Motion to Dismiss filed by the defendants. This memorandum contains findings of fact and conclusions of law required by Fed.Bankr.R. 7052 and Fed. R.Civ.P. 52.

### Background

The present adversary proceeding was initiated by the defendant, Douglas E. Quinn, and joined by another defendant, Eugene E. Pieper, in the form of a Petition for Removal, to remove a pending case from the District Court of Douglas County, Nebraska to the United States Bankruptcy Court for the District of Nebraska. The pending case is an action pursuant to NEB.REV.STAT. § 25–316 (Reissue 1996), to enforce against the individual partners of a partnership a judgment which was entered against a partnership and the debtor on the basis that a successful execution against the partnership assets could not be had. The present motion under consideration is whether the adversary proceeding and state court enforcement action should be dismissed because the underlying judgment against the partnership is void or voidable. That judgment was entered against the corporate debtor and the partnership by the state court after an involuntary petition for Chapter 7 bankruptcy was filed against the corporate debtor.

A chronological breakdown of the events is:

1. On September 11, 1985, a law firm partnership, "Thompson, Crounse, Pieper & Quinn" [hereinafter "the Partnership"], entered into a five year lease with Century Building Partnership (whose assignee is the plaintiff Guarantee Mutual Life Company [hereinafter "Guarantee"]) for office space.

2. On August 18, 1986, a professional corporation, "Thompson, Crounse, Pieper, Wallace & Eggers, P.C." [hereinafter "P.C. I"] took over the law practice of the Partnership. The change in organization was precipitated

by the retirement of the defendant Crounse and the withdrawal of defendant Quinn from the Partnership. In a document entitled the "Retirement Agreement and Amendment to Partnership Agreement," Pieper personally indemnified and agreed to hold *Crounse* harmless for the debts of the Partnership, including "the Partnership's obligations for ... leases." (Emphasis added).

There apparently was no formal dissolution of the partnership.

3. On May 4, 1998, an Article of Amendment of the Articles of Incorporation of P.C. I were filed with the Secretary of State for Nebraska, whereby the name of the professional corporation was changed to "Thompson, Crounse, Pieper & Brumbaugh, P.C." [hereinafter "P.C. II"].

4. P.C. I, and, thereafter, P.C. II, continued to pay rent under the original lease which named the Partnership as the lessee until August of 1989. At that time, the premises were vacated.

5. On July 31, 1990, Guarantee filed a lawsuit against the Partnership and P.C. II for breach of the lease agreement.

6. On November 15, 1990, an amendment was filed with the Secretary of State for Nebraska which renamed P.C. II to "Eugene L. Pieper, P.C." [hereinafter "P.C. III"]. The state court case, the involuntary petition for relief in the bankruptcy case, and this adversary proceeding reflect that between P.C. II and P.C. III, a professional corporation named "Thompson, Crounse & Pieper" was created, but the Articles of Amendment to the Articles of Incorporation reflect that P.C. II actually became P.C. III (Eugene L. Pieper, P.C.) by amendment, and the interceding professional corporation was not a registered professional corporation [hereinafter "Thompson, Crounse & Pieper" shall be referred to as "the Unregistered P.C."].

7. The state court case concerning the breach of the lease agreement was tried on December 27 and 28, 1990, the parties submitted post-trial briefs, and the state court took the matter under advisement.

8. On March 19, 1991, an involuntary Chapter 7 petition was filed against P.C. III, the Unregistered P.C., and P.C. II.

9. On April 25, 1991, the District Court of Douglas County, Nebraska found both the Partnership and P.C. II to be jointly and severally liable to Guarantee in the amount of $128,960.13.

10. The bankruptcy court issued an order for relief on November 13, 1991, a few days after the corporate debtor moved to convert the involuntary case from one under Chapter 7 to a voluntary case under Chapter 11 of the Bankruptcy Code.

11. On July 2, 1991, the plaintiff initiated an action in equity in the District Court of Douglas County, Nebraska, to charge the individual partners of the Partnership, who are Paul E. Crounse, Eugene L. Piper, and Douglas E. Quinn, with the judgment entered against the Partnership after Guarantee unsuccessfully levied against the Partnership property pursuant to Nebraska Revised Statute Section 25–316. NEB.REV.STAT. § 25–316 (Reissue 1995).

12. Mr. Quinn and Mr. Pieper subsequently removed this cause of action from the District Court for Douglas County, Nebraska to this court on July 26, 1991. Mr. Quinn, Mr. Pieper, and Mr. Crounse have each separately moved to have the state court lawsuit against them as individual partners of the Partnership dismissed on the grounds that the underlying judgment was entered against the debtor and the Partnership after the 11 U.S.C. § 303 petition was filed.

### Decision

■ 1. The Motion to Dismiss the state court case filed pursuant to NEB.REV.STAT. § 25–316 (Reissue 1995), is denied. The automatic stay did not extend to the Partnership, and therefore, the state court judgment against the Partnership is valid and enforceable against the Partnership.

■ 2. This adversary proceeding, A91–8163, which is an action to remove the state court proceeding to this court, is denied. Since the automatic stay does not void the judgment against the Partnership, a state court action to pursue the assets of the individual partners of the Partnership is outside of the jurisdiction of this court entirely, and

this matter is remanded to the state court. The Petition for Removal is denied.

### Discussion

#### 1. *Standard for Motion to Dismiss*

The defendants have moved to dismiss pursuant to Bankruptcy Rule 7012(b), which adopts Rule 12(b)(6) of the Federal Rules of Civil Procedure, "for failure of the pleading to state a claim upon which relief can be granted." FED.R.BANKR.P. 7012; FED. R.CIV.P. 12(b)(6). "[D]ismissal under subdivision (b)(6) [of Rule 12] is generally disfavored by the courts." 2A JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.07[2.—5], at 12–83 (2nd ed. 1995). A motion to dismiss for failure to state a claim should be granted when the plaintiff can prove no set of facts in support of the claim. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

#### 2. *Applicability of the Automatic Stay to the Partnership*

Section 362(a)(1) of Title 11 provides:

"[A] petition under section ... 303 of this title, ..., operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, ..., of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

■ The automatic stay is triggered by the act of filing an involuntary petition pursuant to 11 U.S.C. § 303, not by the entry of an order for relief by the court. 2 LAWRENCE P. KING, ET AL., COLLIER ON BANKRUPTCY ¶ 362.04, at 362–35 (15th ed. 1996). The automatic stay is broad in scope and applies to almost every formal and informal action against the debtor or property of the debtor, except as set forth under (b) of Section 362. 2 LAWRENCE P. KING, ET AL., COLLIER ON BANKRUPTCY ¶ 362.04, at 362–34 (15th ed. 1996).

The purpose of the automatic stay is to give the debtor a breathing spell from his creditors in which he may attempt a repayment or reorganization plan.... The automatic stay also protects creditors by averting a scramble for the debtor's assets and promoting instead an orderly liquidation procedure under which all creditors are treated equally.

*Farley v. Henson*, 2 F.3d 273, 274 (8th Cir. 1993) (quotation omitted).

In *Farley*, the Eighth Circuit held that the debtor/defendant's appeal of a judgment entered against the debtor was stayed upon the filing of the petition for bankruptcy because the appeal was a "continuation" of a lawsuit against the debtor. *Id.* at 275. While *Farley* implies that any continuation of a lawsuit is a violation of the automatic stay, several bankruptcy courts, in opinions issued prior to *Farley*, have held as a matter of law that when a state court enters a judgment after the automatic stay is in place, the judgment is valid and is not a violation of the automatic stay if the parties had concluded all activity in the case and the matter had been taken under advisement prior to the bankruptcy petition being filed. *Anderson v. Anderson (In re Anderson)*, 62 B.R. 448, 453 (Bankr. D.Minn.1986); *In re Teague*, 101 B.R. 57 (Bankr.W.D.Ark.1989); *American Home Assurance Co. v. L & L Marine Serv., Inc.*, 688 F.Supp. 502 (E.D.Mo.1988), *aff'd on other grounds, vacated in part on other grounds*, 875 F.2d 1351 (8th Cir.1989); *Jones v. Wilson (In re Wilson)*, 72 B.R. 956 (Bankr. M.D.Fla.1987). *But see McKnight v. Morgan (In re Morgan)*, 99 B.R. 920, 922 (Bankr. E.D.Ark.1989) (declining to find "as a matter of law" that state court judgments entered post petition do not violate the automatic stay, but also conceding that such judgments are not necessarily null and void).

■ Nebraska state courts follow the procedure that a pending state court action is stayed upon the filing of a bankruptcy petition when a Suggestion in Bankruptcy and a certified copy of the bankruptcy petition is filed. BANKR.R. FOR NEB.DIST. AND COUNTY COURTS 1. Whether a party so notified the state court in this case is beyond the scope of the pleadings for the purpose of this Motion to Dismiss.

■ Since the judgment was entered after the bankruptcy petition was filed, it shall be assumed that the automatic stay was applicable to the judgment and deem the judgment void as against the corporate debtor. *See Overland Nat'l Bank v. Olson (In re Olson),* 101 B.R. 134, 145–46 (Bankr.D.Neb.1989) ("[A]ctions that are taken in violation of the stay are void.... If creditors believe that there is a legitimate possibility that their intentional actions post petition in violation of Section 362 may be ratified later by a court 'weighing the equities,' creditors will be encouraged to take the action and hope for the best result later."), *aff'd, Olson v. United States,* 133 B.R. 1016 (D.Neb.1991).

However, remaining issues are: (1) whether the automatic stay may be extended to the Partnership as a co-defendant/non-debtor in the state court action; (2) whether the Partnership has an "identity of interest" with the debtor so that the automatic stay causes the judgment as against the non-debtor/co-defendant to be void; (3) whether state law causes the judgment against the co-defendant/non-debtor to be void.

### (1) *Co–Defendant Stay*

Colliers on Bankruptcy takes the position that the automatic stay, "does not, ..., extend to separate legal entities such as corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation. 2 LAWRENCE P. KING, ET AL., COLLIER ON BANKRUPTCY ¶ 362.04, at 362–34 & n. 1b (15th ed. 1996). The leading case cited by the treatise in favor of not extending the automatic stay to co-defendants is *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541 (5th Cir.1983). The court in *Wedgeworth* noted that the purpose of the automatic stay is to "protect the debtor's assets", to "give [the debtor] a breathing spell", and to protect "creditors by preventing a race for the debtor's assets." 706 F.2d at 545 (quotation omitted). The Fifth Circuit panel concluded that "[n]either purpose is advanced by application of the stay rule to co-defendants." *Id.* (*see also* cases cited thereafter).

The Eighth Circuit Court of Appeals also follows the principle that a co-defendant is not entitled to the protection of the automatic stay after another defendant files a petition for bankruptcy. *The Harry & Jeanette Weinberg Found., Inc. v. Alleco, Inc. (In re Croyden Assocs.),* 969 F.2d 675 (8th Cir. 1992), *cert. denied,* 507 U.S. 908, 113 S.Ct. 1251, 122 L.Ed.2d 650 (1993). In *Croyden Assocs.,* an alleged member of a plaintiff class in a class action lawsuit, sued a public debenture issuer and its successor in interest over liability stemming from a default on the debentures and the fairness of a proposed settlement, after the defendants agreed to a settlement with a committee of other members of the plaintiff class. *Id.* at 676–77, While an appeal in the case was pending before the Eighth Circuit, one of the defendants filed a petition in bankruptcy. *Id.* at 677. The Eighth Circuit held that the automatic stay only applied to the claims against the debtor and "that the stay is not available to nonbankrupt codefendants, 'even if they are in a similar legal or factual nexus with the debtor.'" *Id.* (quoting *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1205 (3d Cir.1991), and citing *Fortier v. Dona Anna Plaza Partners,* 747 F.2d 1324, 1330 (10th Cir.1984)).

The conclusion that the defendants are not protected through a co-defendant stay is also supported by analogy by Sections 1201 and 1301 of the Bankruptcy Code. *See* 11 U.S.C. §§ 1201 & 1301 (stating, generally, that a creditor may not take action against a co-debtor on a debt if one of the debtors files a petition for bankruptcy). Since creditors of debtors in Chapters 12 and 13 are also subject to the automatic stay imposed by Section 362(a), the logical conclusion is that Section 362 does not include a co-defendant stay. If Section 362 impliedly protected co-debtors, the inclusion of a co-debtor stay at Sections 1201 and 1301 would be superfluous. *See Rake v. Wade,* 508 U.S. 464, 471–73, 113 S.Ct. 2187, 2192, 124 L.Ed.2d 424 (1993) ("We generally avoid construing one provision in a statute so as to suspend or supersede another provision.").

■ The general rule is that even though a debtor is entitled to the protection of the automatic stay, that protection does not extend to co-defendants or co-judgment debtors of the bankruptcy debtor.

### (2) "Identity of Interest" Exception

█ The Eighth Circuit has recognized an exception for "unusual circumstances" to the rule that the automatic stay does not extend to a co-defendant. *Croyden Assocs.*, 969 F.2d at 677 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986)). The Eighth Circuit has implied that it would find an "unusual circumstance" when an "identity of interest" exists between the debtor and the co-defendant. *Stephen Inv. Sec., Inc. v. Securities & Exch. Comm'n.*, 27 F.3d 339, 342 n. 5 (8th Cir.1994) (citing *A.H. Robins, Co.*, 788 F.2d at 999; *North Star Contracting Corp. v. McSpedon (In re North Star Contracting Corp.)*, 125 B.R. 368, 370–71 (S.D.N.Y.1991)).

In *A.H. Robins, Co.*, the Fourth Circuit Court of Appeals held that the automatic stay does not apply to a co-defendant, except when:

> there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case.

*Id.* at 999.

The defendants in the present case argue that because the state court found that the corporate debtor "impliedly agreed to assume the obligations under the lease by making payments and using the space over the majority of the lease period", (Filing No. 1, Attachment C, p. 2 ¶ 3), the automatic stay should apply to void the judgment against the Partnership because of the "identity of interest" between the debtor and the Partnership. However, notwithstanding the language in the state court opinion, the state court judgment did not create an "identity of interest" between the corporate debtor and the Partnership.

*A.H. Robins Co.* defined "identity of interest" by adopting an analysis from *Plessey*

*Precision Metals v. Metal Center, Inc. (In re Metal Center, Inc.)*, 31 B.R. 458 (Bankr. D.Conn.1983). The *Metal Center* court held that the automatic stay did not extend to a co-defendant in an indemnification relationship with the debtor:

> where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of duty.... Where, however, a debtor and nondebtor are so bound by statute or contract that the liability of the nondebtor is imputed to the debtor by operation of law, then the Congressional intent to provide relief to debtors would be frustrated by permitting indirectly what is expressly prohibited in the Code.... Clearly the debtor's protection must be extended to enjoin litigation against others if the result would be binding upon the debtor's estate.

*Id.* at 462; *A.H. Robins Co.*, 788 F.2d at 999.

*A.H. Robins Co.* and the cases discussed therein extended the automatic stay to co-defendants in situations where the bankruptcy debtor is the original obligor, and the co-defendant is liable *solely* because of a contract (which may be implied) to indemnify the debtor, e.g. insurer. In this case, however, the state court found that the corporate debtor "implicitly assumed" the lease and was, therefore, liable, but also found that the Partnership was separately liable to Guarantee because the five year lease agreement was between Guarantee's predecessor and the Partnership, not the corporate debtor.

The state court also concluded that the debtor and the Partnership were jointly and severally liable for the debt. Joint liability implicates the principle of "contribution" in which case the liability is shared, and does not implicate "indemnification" where the liability is shifted. *Warner v. Reagan Buick, Inc.*, 240 Neb. 668, 677, 483 N.W.2d 764 (1992); *Tober v. Hampton*, 178 Neb. 858, 136 N.W.2d 194 (1965). Thus, to sustain an action for implied indemnity, as the defendants seek to do here, they must establish that they are free of any wrongdoing, and their liability is "vicariously imposed." *City of Wood River v. Geer–Melkus Const. Co.*, 233 Neb. 179, 190, 444 N.W.2d 305 (1989). "If a party seeking indemnification is independent-

ly liable to the plaintiff, that party is limited to a claim for contribution." *Warner*, 240 Neb. at 677, 483 N.W.2d 764. Since the state court made a finding in the judgment that the Partnership breached the lease, there is no indemnification relationship.

The conclusion that the Partnership does not have an "identity of interest" with the debtor is supported by *Croyden Assocs.* In that case, the co-defendant to whom the Eighth Circuit held the automatic stay did not apply was in fact the successor in interest to the debtor. 969 F.2d at 676.

The pleadings in this case establish that the state court trial was completed and taken under advisement prior to the filing of the involuntary bankruptcy petition. The state court found that the Partnership had proper notice of the lawsuit and that the Partnership was a real party in interest.

Since the automatic stay did not protect the Partnership from the entry of the judgment, the bankruptcy court does not have the authority to retry a case that has already been properly tried and decided in state court. The Eighth Circuit recently ruled in *Goetzman v. Agribank, FCB (In re Goetzman)*, 91 F.3d 1173 (8th Cir.1996), that a bankruptcy court is without subject matter jurisdiction to reverse a state court decision or void its ruling. *Id.* at 1178. Since the property of the debtor is not at stake in the state court proceeding that the defendants seek to have removed to the bankruptcy court, there is no authority to retain jurisdiction in the bankruptcy court.

### (3) *Nebraska Law on the Voidness of Judgments*

An alternative position raised by the defendants is that if the automatic stay applies to the corporate debtor and its applicability voids the judgment against the corporate debtor, then it is also void as to the Partnership under state law. The defendants cite three state court cases, *Fick v. Herman*, 161 Neb. 110, 72 N.W.2d 598 (1955), *Sturgis, Cornish & Burn Co. v. Miller*, 79 Neb. 404, 112 N.W. 595 (1907), and *Miller v. Schlereth*, 151 Neb. 33, 36 N.W.2d 497, 500 (1949), for the proposition that a judgment voided or vacated as to one party causes the judgment to be vacated as to all parties.

In *Schlereth*, the court stated that the authority for state district courts to vacate a judgment is by state statute. 151 Neb. at 44, 36 N.W.2d 497. The defendants' brief quoted the following passage for the proposition that the judgment should be vacated as to the nonbankrupt defendants:

> An order or decree which is vacated is nullified so that the resulting situation is precisely the same as if the order or decree had never existed. The result of the vacating of the decree was to remit the parties in all respects to the position which they occupied immediately succeeding the original filing of the pleadings in the district court.

*Id.* at 46, 36 N.W.2d 497. The court continued, however, and the complete quote expressly provides that this rule was created so that a losing party could have a judgment vacated for fraud on the court by the successful party:

> The effect of setting aside or vacating a judgment, generally speaking, is to leave the matter in controversy open for future determination, and that determination must afford the parties in interest the right to a fair trial.

*Id.* at 46–47, 36 N.W.2d 497. *Schlereth* is inapplicable because neither a state statute exists to vacate the judgment against the Partnership nor has fraud been alleged.

In *Sturgis*, a judgment was entered against two co-defendants in a principal and surety relationship, and the principal successfully had the judgment set aside as to the principal. 79 Neb. at 404–05, 112 N.W. 595. The surety was a partnership, and the individual partners moved to have the judgment vacated against the partnership, after the judgment creditor's assignee moved to subject the individual partners' property to execution. *Id.*

The defendants suggest that *Sturgis* stands for the proposition that "a judgment obtained against two or more parties is an entirety, and therefore, if void as to one is also void as to all." 79 Neb. at 404, 112 N.W. 595. However, the court made clear that the

common law "judgment in the entirety" rule is no longer an absolute rule in Nebraska:

> In this state a judgment obtained against a principal and a surety is considered a joint judgment. But this does not mean that such judgment is an entirety.... In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper.

*Id.* (citations omitted).

The *Sturgis* court concluded that when a judgment was voided as to one defendant, it is voided as to all defendants when, "the interests of the judgment debtors are inseparable." *Id.* 79 Neb. at 408–11, 112 N.W. 595; *see also Fick*, 161 Neb. at 110, 72 N.W.2d 598. *Sturgis* held that the surety/principal relationship does not automatically create an "inseparable" interest and that the judgments are independent when, "a surety may have a defense which cannot avail his principal, such as a denial of the suretyship, which must be determined independently of the principal's liability." *Id.*

The court in *Fick* restated the rule that judgments are vacated as to co-defendants only if the co-defendant's liability is wholly dependent on the principal's liability:

> The controlling rule involving the question whether or not a judgment against multiple defendants may be vacated as to some only, is that when a judgment against two or more defendants is vacated as to one of them, it need not for that reason alone be vacated as to any of the others and should not be vacated as to them, unless it appears that because of an interdependence of the defendants or because of other special factors it would be prejudicial and inequitable to leave the judgment standing against them. *Sturgis, Cornish & Burn Co. v. Miller, supra; Chmielewski v. Marich*, [2 Ill.2d 568, 119 N.E.2d 247 (1954)] *supra.* See Annotation, 42 A.L.R.2d 1030.

161 Neb. at 116, 72 N.W.2d 598.

*Fick* and *Sturgis* are similar in principle to federal law on the applicability of the automatic stay to co-defendants, and therefore,

the findings under the previous subsection that the Partnership does not have an "identity of interest" with the corporate debtor apply to negate the defendant's argument that state law would void the judgment as to the Partnership.

### Conclusion

The motion to dismiss is denied and the case is remanded to the District Court of Douglas County, Nebraska.

Separate journal entry to be filed.